1  CURD, GALINDO & SMITH, L.L.P.
   ALEXIS GALINDO, SBN 136643
2  301 East Ocean Boulevard, Suite 1700
   Long Beach, CA  90802
3  Telephone:  (562) 624-1177
   Facsimile:  (562) 624-1178
4  EMAIL: agalindo@cgsattys.com

5  Attorneys for Plaintiffs
   KHANG LE and GIAO DANG, Successors in Interest and Individually
6

7  Richard Wynn SBN 200752
   WYNN LAW GROUP
8  301 East Ocean Blvd., Suite 1700
   Long Beach, CA 90802-4828
9  Telephone:  562-590-3700
10 EMAIL: rwynn@wynnlawgroup.com

11 Attorneys for Plaintiffs
12 TUAN LE and DIANE LE

13            UNITED STATES FEDERAL COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15

16 KHANG LE and GIAO DANG, Successors         CASE NO:
17 in Interest and Individually; TUAN LE and   **CV14-4579** SJO-SS
   DIANE LE.
18                                             **COMPLAINT FOR
19            Plaintiffs                        DAMAGES.**

20                                             Wrongful Death
21         vs.                                  Violation of Civil Rights (42
                                               U.S.C. § 1983)
22                                             Supervisor Liability (42 U.S.C.
23 CITY OF EL MONTE; STEVEN                     § 1983)
   SCHUSTER, Chief of Police Individually      Monell Claim (42 U.S.C. §
24 and as a peace officer, OFFICER VICTOR      1983)
   RUIZ; OFFICER JAVIER ROJAS and              Negligent Infliction of
25 DOES 1 through 10, Inclusive.                Emotional Distress
26            Defendants

27

28

COMPLAINT AND JURY DEMAND                                              1

1

2

3

4

5

Plaintiffs, by and through their attorneys CURD, GALINDO & SMITH LLP and WYNN LAW GROUP, for their Complaint against Defendants, state as follows:

6

## JURISDICTION AND VENUE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1.      This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, use of excessive force and negligence, resulting in the death of Khoa Anh Le, Deceased, on June 14, 2012, in El Monte, COUNTY OF LOS ANGELES, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.    Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, which is in the Central District of California.

26

//

27

//

28

COMPLAINT AND JURY DEMAND

**PRELIMINARY ALLEGATIONS**

2.     The incidents complained of occurred at the Plaintiffs' home located at 2711 Caminar Street, El Monte, California.

3.     On June 14, 2012 at 23:21 hours, Plaintiffs' son and brother KHOA ANH LE, a lifelong resident of the City of El Monte, who was in his own home was detained by Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ to investigate a call regarding a potential assault. At the beginning of his contact with KHOA ANH LE, CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ displayed his flashlight at KHOA ANH LE by swinging it repeatedly in front of KHOA ANH LE. Although KHOA ANH LE was calm and was cooperative with the Officers, Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ, who was soon joined by Defendant CITY OF EL MONTE POLICE OFFICER JESUS ROJAS, began to taunt and thereby confuse KHOA ANH LE by attempting to grab him while asking his name. Even after KHOA ANH LE had given his name, Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ harassed and confused KHOA ANH LE by repetitively asking KHOA ANH LE the same questions while claiming to forget KHOA ANH LE's name. CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ continued to harass, frustrate and confuse KHOA ANH LE by repetitively asking KHOA ANH LE questions about whether he was beating his father which KHOA ANH LE had already denied. Both CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER

3

JESUS ROJAS knew or should have known that KHOA ANH LE was mentally ill. The police dispatch operators indicated to CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS that the suspect or subject of inquiry suffered from a mental illness and more specifically he suffered from schizophrenia but that he was not known to do illicit drugs or carry weapons. KHOA ANH LE allowed Defendant CITY OF EL MONTE POLICE OFFICER JESUS ROJAS to search his room by giving consent to CITY OF EL MONTE POLICE OFFICER JESUS ROJAS.   Neither CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS patted KHOA ANH LE down for weapons and both CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS behaved in a manner consistent with the belief that KHOA ANH LE did not pose any risk of harm or flight. Indeed, KHOA ANH LE was unarmed and posed no threat to the officers' safety or to others.

4.     During CITY OF EL MONTE POLICE OFFICER JESUS ROJAS's search of KHOA ANH LE's room, CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ continued to taunt and harass KHOA ANH LE.

5.     CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ walked towards KHOA ANH LE, made a show of putting gloves on his hands, and with increasingly aggressive language, began ordering KHOA ANH LE to go with the officers for a 5150 detention. KHOA ANH LE told the Officers not to touch him. Although CITY

OF EL MONTE POLICE OFFICER VICTOR RUIZ did not advise KHOA ANH LE

that he was being placed under arrest, and CITY OF EL MONTE POLICE OFFICER

VICTOR RUIZ did not advise KHOA ANH LE what crime CITY OF EL MONTE

POLICE OFFICER VICTOR RUIZ was arresting him for. In fact, KHOA ANH LE

had committed no crime. Instead, CITY OF EL MONTE POLICE OFFICER

VICTOR RUIZ threatened KHOA ANH LE with physical harm.  While KHOA ANH

LE was still saying that he did not understand CITY OF EL MONTE POLICE

OFFICER VICTOR RUIZ's commands, CITY OF EL MONTE POLICE OFFICER

VICTOR RUIZ struck KHOA ANH LE'S head, neck and shoulder, which caused

KHOA ANH LE to fall to the ground.  CITY OF EL MONTE POLICE OFFICER

VICTOR RUIZ with both hands up began to choke KHOA ANH LE'S neck. CITY

OF EL MONTE POLICE OFFICER JESUS ROJAS quickly approached KHOA

ANH LE with his baton at the ready, and immediately swung it with full force,

striking KHOA ANH LE and kicked him in the head. At this, KHOA ANH LE could

not move and could not breathe, he could not escape from what he undoubtedly knew

was not an arrest, but a beating.

6.      For the next few minutes, the defendant police officers, including CITY OF EL

MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE

OFFICER JESUS ROJAS continued to choke and beat KHOA ANH LE with their

batons, hands, elbows, fists, and knees, even while KHOA ANH LE repeatedly

apologized and said "I'm sorry" at least 15 times and said "okay" at least 30 times as

he tried to comply and begged for help. Even though KHOA ANH LE repeatedly told the officers at least 8 times that he could not breathe, the officers ignored him and continued to place their combined body weight on top of KHOA ANH LE's body. Even though KHOA ANH LE could have been restrained with the use of less than lethal control holds and handcuffs, the defendant officers, and each of them, used deadly force by striking KHOA ANH LE repeatedly in the head and face, causing multiple head injuries. While KHOA ANH LE was down on the ground OFFICER JESUS ROJAS tased him multiple times using darts and probes. Despite the fact that KHOA ANH LE was on the ground with two officers on top of him, Defendants agreed to use and did use a deadly choke hold on KHOA ANH LE. Defendants and each of them, ignored the multiple times KHOA ANH LE said "please" and "please sir", and the times he asked for help. 7.        In doing the acts and omissions alleged in this Complaint, Defendant police officers pursued an unprivileged course of extreme and outrageous conduct directed at KHOA ANH LE, with the intent to cause KHOA ANH LE to suffer extreme terror, fear, shock, anxiety, remorse, mental anguish, despair and emotional distress. Defendants committed these outrageous acts and omissions with the intent to terrorize KHOA ANH LE, and place him in fear for his life and to experience other very highly unpleasant emotions.

8.       KHOA ANH LE did not die immediately, but he was in respiratory distress when other City of El Monte police officers arrived and attempted to resuscitate KHOA ANH LE.  Los Angeles County Fire Department paramedics arrived and

1  continued to provide medical assistance and transported him to Greater El Monte

2  Hospital. At the hospital John Lin, M.D. pronounced KHOA ANH LE dead at 00:21

3
4  hours. The hospital staff and coroner diagnosed KHOA ANH LE with significant

5  facial trauma including multiple head injuries with significant bleeding and swelling.

6  9.      The Los Angeles County Coroner's Office ruled KHOA ANH LE's death to be

7
8  a homicide and that his injuries occurred during the physical altercation with law

9  enforcement officers.

10  10.     Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ  while

11
12  applying the choke hold known as the carotid sleeper hold, Officer Ruiz continued to

13  place his body weight on KHOA ANH LE's back which restricted KHOA ANH LE's

14
15  ability to breath.  While Officer Ruis was placing pressue on KHOA ANH LE's back,

16  Officer Rojas was holding KHOA ANH LE's feet.

17  11.     At all times material hereto, Defendants, and each of them, knew that KHOA

18
19  ANH LE was mentally ill. Despite the CITY's knowledge and awareness that its

20  police officers had daily encounters with the mentally ill and homeless population in

21  its city, the CITY did not and otherwise failed to obtain, provide and utilize resources

22
23  available to it in order to properly train its police officers, including the individual

24  Defendant officers, on how to deal with persons who are homeless and with mental

25  illness during encounters with police.

26  12.     The death of KHOA ANH LE was the inevitable result of the culture of

27
28  corruption and deliberate indifference within the City of El Monte Police Department.

COMPLAINT AND JURY DEMAND                                                              7

The City's police department has a longstanding reputation of running roughshod on its citizens' constitutional rights, ignoring citizen complaints and issuing no discipline to officers accused of wrongdoing. The CITY has a long history of ignoring its officers' abusive practices and is deliberately indifferent to the violations of constitutional rights resulting from the CITY's customs, practices and policies. It fails to monitor and supervise its officers' violations of written policies including officers who do not report their use of force, and officers who do not document their contact with citizens by turning off their Digital Audio Recorder (DAR). It condones its police officers' aggressive practices of arresting citizens without probable cause, using "cover up" offenses such as "resisting arrest" or "drunk in public" and using arrests as punishment for citizens' exercise of their First Amendment rights which its officers instead perceive as "contempt of cop."

13.   The individual officer Defendants' actions and omissions during their encounter with KHOA ANH LE on June 14, 2012 were a product of the reckless and callous indifference by the CITY, its Police Chief and departmental supervisory personnel to citizens' rights, and specifically KHOA ANH LE's constitutional rights to be safe and secure in his person. The actions and omissions by Defendants, and each of them, caused KHOA ANH LE to lose his life, and Plaintiffs to lose their son and brother.

//

//

**PARTIES**

14.     Decedent, KHOA ANH LE , ("KHOA ANH LE"), at all times herein

mentioned, was a resident of the County of Los Angeles, State of California. He was

mentally ill but lived with his family. He died on June 14, 2012 after causes of action

alleged herein arose in his favor. KHOA ANH LE would have been the plaintiff in

this action if he had lived.

15.     KHANG LE and GIAO DANG are the natural parents of decedent KHOA

ANH LE  and are his surviving heir-at-law. Plaintiffs KHANG LE and GIAO DANG

are the successor-in-interest and succeed to KHOA ANH LE's causes of action

against Defendants named herein because there is no personal representative of the

estate of KHOA ANH LE. Plaintiffs have executed and filed the declaration under

penalty of perjury required by Code of Civil Procedure Section 377.32.   TUAN LE

(brother) and DIANE LE (sister) are the siblings of KHOA ANH LE.

16.     At all times herein mentioned, Plaintiffs are residents of the County of Los

Angeles, State of California.

17.     At all times herein mentioned, Defendants STEVEN SCHUSTER, Chief of

Police individually and as a peace officer, CITY OF EL MONTE POLICE OFFICER

VICTOR RUIZ,  Badge Number 603, individually and as a peace officer;  CITY OF

EL MONTE POLICE , OFFICER JESUS ROJAS Badge Number 641, individually

and as a peace officer; and DOES 3-50, inclusive, and each of them, were employees

of the City of El Monte and the El Monte Police Department.

COMPLAINT AND JURY DEMAND                                                                9

18.    Defendant SCHUSTER was at all relevant times, the highest-ranking law enforcement policymaker for the City of El Monte with the power to hire and fire, discipline and supervise officers of the El Monte Police Department.

19.    Defendants DOES 5 through 10 were each duly appointed qualified and acting ranking officers, officials and employees of the El Monte Police Department and Defendant CITY, also charged by law with the supervision, management, control, operation and administration of the El Monte Police Department and with the responsibility, control, supervision, training, employment, assignment, discipline and removal of peace officers of the El Monte Police Department and CITY.

20.    At all relevant times, each individual Defendant was acting within the course and scope of their employment as police officers of the CITY, and under the color of state law, and as the employee, agent and representative of each and every other Defendant.

21.    Defendant CITY OF EL MONTE (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the El Monte Police Department, and particularly said Department's Patrol, Internal Investigations, Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices,

customs and usages related to their dealings with the mentally ill and the homeless,

the use and deployment of dangerous weapons, the use of force, the powers of arrest

by its rank and file, internal investigations, personnel supervision and meaningful

records review and maintenance.

22.    Plaintiffs are informed and believe and thereon allege that each of the

Defendants designated as a DOE is intentionally and negligently responsible in some

manner for the events and happenings herein referred to, and thereby proximately

caused injuries and damages as herein alleged. The true names and capacities of

DOES 3 through 5, inclusive, and each of them, are not now known to Plaintiff who

therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave

to amend this complaint to show their true names and capacities when the same have

been ascertained.

23.    Defendants, and each of them, did the acts and omissions hereinafter alleged in

bad faith and with knowledge that their conduct violated well established and settled

law.

24.    Plaintiffs KHANG LE and GIAO DANG  bring these claims individually as

parents and Successor in Interest for their son, Khoa Anh Le, Deceased.  KHANG LE

and GIAO DANG are residents of California and are entitled to bring these claims

individually pursuant to California Code of Civil Procedure §§ 377.30 et seq., 377.60,

and federal civil rights law.

25.    Plaintiffs TUAN LE (brother) and DIANE LE (sister) are the siblings of KHOA ANH LE.  Plaintiffs bring these claims individually pursuant to C.C.P. § 377.60 and federal civil rights law.

26.    Plaintiffs herein bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions.  These claims are also brought individually and on behalf of Khoa Anh Le, Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

27.    Defendant CITY OF EL MONTE POLICE DEPARTMENT is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CITY OF EL MONTE POLICE DEPARTMENT  ("EMPD") which employs other defendants in this action.

28.    Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS at all material times were employed as law enforcement officers by Defendant CITY OF EL MONTE POLICE DEPARTMENT, and were acting within the course and scope of that employment.

29.    Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was

at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

30.    Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

31.    The acts and omissions of Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the CITY OF EL MONTE POLICE DEPARTMENT.

32.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

33.    This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

34.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

35.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs individually and as successor in interest sustained the following injuries and damages, past and future, among others:

a.     Wrongful death of KHOA ANH LE;

b.     Hospital and medical expenses;

c.     Coroner's fees, funeral and burial expenses;

d.     Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

e.     Loss of economic support;

f.     Violation of constitutional rights;

g.     All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

h.     KHOA ANH LE's loss of life, pursuant to federal civil rights law;

i.     KHOA ANH LE's conscious pain and suffering, pursuant to federal civil rights law;

//
//
//
//

COMPLAINT AND JURY DEMAND

14

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure – Detention and Arrest (42 USC §1983)

### (ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS)

36.    Plaintiffs individually and as successors in interest reallege each and every paragraph in this complaint as if fully set forth here, and by this reference incorporates the same into each cause of action herein.

37.    By the actions and omissions described above, Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

    a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.  The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

    d.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

    e.  The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and

Fourteenth Amendments, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.;

38.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of KHOA ANH LE,) and others would be violated by their acts and/or omissions.

39.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 37, above.

40.     The conduct of Defendants Officer Ruiz and Officer Rojas DOES 1 through 10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq.

41.     Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988.

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 USC §1983)**

(ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS)

42.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

43.     The unconstitutional actions and/or omissions of Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS, as well as other officers employed by or acting on behalf of Defendant CITY OF EL MONTE POLICE DEPARTMENT, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the EMPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF EL MONTE POLICE DEPARTMENT and the EMPD:

      a.    To use or tolerate the use of excessive and/or unjustified force;

      b.    To use or tolerate the use of unlawful deadly force;

      c.    To fail to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or medically disabled persons;

      d.    To fail to use appropriate and generally accepted law enforcement procedures in handling disabled persons;

      e.    To fail to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

      f.    To cover-up violations of constitutional rights by any or all of the following:

           i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

           ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii. by allowing, tolerating, and/or encouraging Sheriff Deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

h. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

44.     Defendant CITY OF EL MONTE POLICE DEPARTMENT, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  and other EMPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

45.     The unconstitutional actions and/or omissions of Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  and other EMPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the EMPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident

have been revealed to the authorized policy makers within CITY OF EL MONTE POLICE DEPARTMENT and the EMPD, and that such policy makers have direct knowledge of the fact that the KHOA ANH LE's shooting was not justified, but rather represented an unconstitutional display of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, the authorized policy makers within CITY OF EL MONTE POLICE DEPARTMENT and the EMPD have approved of Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  shooting of KHOA ANH LE, and have made a deliberate choice to endorse Defendants shooting of KHOA ANH LE and the basis for that shooting.  By so doing, the authorized policy makers within CITY OF EL MONTE POLICE DEPARTMENT and the EMPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

46.    The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants CITY OF EL MONTE POLICE DEPARTMENT, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 37, above.

47.   Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

48.   As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF EL MONTE POLICE DEPARTMENT as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 22, 27 and 38, above, and punitive damages against Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  in their individual capacities.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Due Process –**

**Excessive Force –Survival Action (42 USC §1983)**

(KHANG LE and GIAO DANG, Successors in Interest AGAINST DEFENDANTS CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS )

49.   Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.  Specifically, the use of deadly force was excessive and unreasonable under the circumstances.

50.   Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS unjustified killing of

DECEDENT deprived him of his right to be secure in his persons against

unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

Amendment to the United States Constitution and applied to state actors by the

Fourteenth Amendment.

51.    The unreasonable use of deadly force by Defendants CITY OF EL MONTE

POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER

JESUS ROJAS  deprived the DECEDENT of his right to be secure in his person

against unreasonable searches and seizures as guaranteed to DECEDENT under the

Fourth Amendment to the United States Constitution and applied to state actors by

the Fourteenth Amendment.

52.    As a result, DECEDENT suffered extreme pain and suffering and eventually

suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of

the life-long love, companionship, comfort, support, society, care, and sustenance of

DECEDENT, and will continue to be so deprived for the remainder of the their

natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of

financial support.

53.    As a result of their conduct, Defendants CITY OF EL MONTE POLICE

OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS

ROJAS are liable for DECEDENT's injuries, either because they were integral

participants in the excessive force, or because they failed to intervene to prevent these

violations.

54.     Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary an wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

55.     The conduct of Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS.

56.     Plaintiffs KHANG LE and GIAO DANG bring this claim as successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages under Federal law for the violation of DECEDENT's rights, including DECEDENT's pain and suffering.  Plaintiffs also seek attorney fees under this claim.

## **FOURTH CLAIM FOR RELIEF**

**(Negligent Infliction of Emotional Distress [California Civil Code section 1714] )**

(By Plaintiffs KHANG LE,  GIAO DANG, TUAN LE and DIANE LE, Against Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ, CITY OF EL MONTE POLICE OFFICER JESUS ROJAS, CITY OF EL MONTE and DOES 1-10.)

57.     Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58.     Plaintiffs KHANG LE, GIAO DANG, TUAN LE and DIANE LE were present and witnessed defendants' unlawful and wrongfully beat, choke and kill KHOA ANH LE.

59.     Defendants' believed, knew and understood, and were aware of facts and circumstances that would have caused a reasonably well trained police officer to believe, know and understand, that Plaintiffs were susceptible from suffering extreme emotional distress from defendants' unlawful and wrongful beating, choking and which caused the death of KHOA ANH LE.

60.     Defendants' actions constitute a breach of defendants' duty to use care toward Plaintiffs.

61.     As a direct and proximate result of defendants' breach of said duty, Plaintiffs suffered severe emotional distress.

//

//

//

# FIFTH CLAIM FOR RELIEF

## (Intentional Infliction of Emotional Distress

## [California Civil Code section 1714] )

(By Plaintiffs KHANG LE,  GIAO DANG, TUAN LE and DIANE LE, Against Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ, CITY OF EL MONTE POLICE OFFICER JESUS ROJAS, and DOES 1-10.)

62.    Paragraphs 1 through 61 are incorporated herein by reference as though fully set forth.

63.    Plaintiffs KHANG LE,  GIAO DANG, TUAN LE and DIANE LE were present and witnessed defendants' unlawful and wrongfully beat, choke and kill KHOA ANH LE.

64.    Defendants' believed, knew and understood, and were aware of facts and circumstances that would have caused a reasonably well trained police officer to believe, know and understand, that Plaintiffs were susceptible from suffering extreme emotional distress from defendants' unlawful and wrongful beating, choking and which caused the death of KHOA ANH LE.

65.    Defendants' actions were extreme and outrageous and not the type of conduct condoned in a civilized society.

66.     As a direct and proximate result of defendants' actions, Plaintiffs have suffered and continue to suffer severe emotional distress.

67.     Defendant VICTOR RUIZ's actions were oppressive and malicious, sufficient for an award of punitive and exemplary damages pursuant to <u>California Civil Code section 3294</u>.

68.     Defendant JESUS ROJAS' actions were oppressive and malicious, sufficient for an award of punitive and exemplary damages pursuant to California Civil Code section 3294

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988

5. For Costs of suit;

//

//

6. For such other and further relief as the Court may deem proper.

DATED: May 27, 2014          **CURD, GALINDO & SMITH, LLP**

*/s/ Alexis Galindo*
Alexis Galindo
Attorneys for Plaintiffs

1
2
3
## JURY DEMAND

4
5
      Plaintiffs hereby request a trial by jury.

6
7
DATED: May 23, 2014        **CURD, GALINDO & SMITH, LLP**

8
9
                        */s/ Alexis Galindo*
Alexis Galindo
Attorneys for Plaintiffs

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
| KHANG LE and GIAO DANG, Successors in Interest and Individually; TUAN LE and DIANE LE | CITY OF EL MONTE; STEVEN SCHUSTER, Chief of Police Individually and as a peace officer; OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive |

| | |
|---|---|
| **(b) County of Residence of First Listed Plaintiff** _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | **County of Residence of First Listed Defendant**  Los Angeles <br> *(IN U.S. PLAINTIFF CASES ONLY)* |

| | |
|---|---|
| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. <br> Alexis Galindo  SBN 136643    (562) 624-1177 <br> Curd, Galindo & Smith, LLP <br> 301 E. Ocean Blvd., Suite 1700 <br> Long Beach, CA  90802 | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding    ☐ 2. Removed from State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Reinstated or Reopened    ☐ 5. Transferred from Another District (Specify)    ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No        **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Complaint is for civil rights wrongful death/survival action arising from Defts' wrongful shooting, use of excessive force and negligence, resulting in the death of Pltfs' decedent pursuant to 42 USC SS 1983 & 1988, & the 4th & 14th Amendments to the U.S. Constitution.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-4579

| | |
|---|---|
| **FOR OFFICE USE ONLY:**  Case Number: | |
| CV-71 (06/14) | CIVIL COVER SHEET |
| | Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: June 11, 2014 _____

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |