1  CURD, GALINDO & SMITH, L.L.P.
   ALEXIS GALINDO, SBN 136643
2  301 East Ocean Boulevard, Suite 1700
   Long Beach, CA  90802
3  Telephone:  (562) 624-1177
   Facsimile:   (562) 624-1178
4  EMAIL: agalindo@cgsattys.com

5  Attorneys for Plaintiffs
   KHANG LE and GIAO DANG, Successors in Interest and Individually
6

7  Richard Wynn SBN 200752
   WYNN LAW GROUP
8  301 East Ocean Blvd., Suite 1700
   Long Beach, CA 90802-4828
9  Telephone: 562-590-3700
10 EMAIL: rwynn@wynnlawgroup.com

11 Attorneys for Plaintiffs
   TUAN LE and DIANE LE
12

13                 **UNITED STATES FEDERAL COURT**

14               **CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16  KHANG LE and GIAO DANG, Successors in Interest and Individually; TUAN LE and DIANE LE. | CASE NO:  2:14-cv-04579-SJO-SS |
| | **FIRST AMENDED COMPLAINT FOR DAMAGES.** |
| 18          Plaintiffs | |
| 19 | Wrongful Death |
| 20 | Violation of Civil Rights (42 U.S.C. § 1983) |
| 21          vs. | Supervisor Liability (42 U.S.C. § 1983) |
| 22  CITY OF EL MONTE; STEVEN SCHUSTER, Chief of Police Individually and as a peace officer, OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive. | Monell Claim (42 U.S.C. § 1983) |
| 24          Defendants | Negligent Infliction of Emotional Distress |

28

Plaintiffs, by and through their attorneys CURD, GALINDO & SMITH LLP and WYNN LAW GROUP, for their First Amended Complaint against Defendants, state as follows:

## JURISDICTION AND VENUE

1.      This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, use of excessive force and negligence, resulting in the death of Khoa Anh Le, Deceased, on June 14, 2012, in El Monte, COUNTY OF LOS ANGELES, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.   Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, which is in the Central District of California.

//

## PRELIMINARY ALLEGATIONS

2.      The incidents complained of occurred at the Plaintiffs' home located at 2711 Caminar Street, El Monte, California.

3.      On June 14, 2012 at 23:21 hours, Plaintiffs' son and brother KHOA ANH LE, a lifelong resident of the City of El Monte, who was in his own home was detained by Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ to investigate a call regarding a potential assault. At the beginning of his contact with KHOA ANH LE, CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ displayed his flashlight at KHOA ANH LE by swinging it repeatedly in front of KHOA ANH LE. Although KHOA ANH LE was calm and was cooperative with the Officers, Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ, who was soon joined by Defendant CITY OF EL MONTE POLICE OFFICER JESUS ROJAS, began to taunt and thereby confuse KHOA ANH LE by attempting to grab him while asking his name. Even after KHOA ANH LE had given his name, Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ harassed and confused KHOA ANH LE by repetitively asking KHOA ANH LE the same questions while claiming to forget KHOA ANH LE's name. CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ continued to harass, frustrate and confuse KHOA ANH LE by repetitively asking KHOA ANH LE questions about whether he was beating his father which KHOA ANH LE had already denied. Both CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER

JESUS ROJAS knew or should have known that KHOA ANH LE was mentally ill. The police dispatch operators indicated to CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS that the suspect or subject of inquiry suffered from a mental illness and more specifically he suffered from schizophrenia but that he was not known to do illicit drugs or carry weapons. KHOA ANH LE allowed Defendant CITY OF EL MONTE POLICE OFFICER JESUS ROJAS to search his room by giving consent to CITY OF EL MONTE POLICE OFFICER JESUS ROJAS.   Neither CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS patted KHOA ANH LE down for weapons and both CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS behaved in a manner consistent with the belief that KHOA ANH LE did not pose any risk of harm or flight. Indeed, KHOA ANH LE was unarmed and posed no threat to the officers' safety or to others.

4.      During CITY OF EL MONTE POLICE OFFICER JESUS ROJAS's search of KHOA ANH LE's room, CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ continued to taunt and harass KHOA ANH LE.

5.      CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ walked towards KHOA ANH LE, made a show of putting gloves on his hands, and with increasingly aggressive language, began ordering KHOA ANH LE to go with the officers for a 5150 detention. KHOA ANH LE told the Officers not to touch him. Although CITY

OF EL MONTE POLICE OFFICER VICTOR RUIZ did not advise KHOA ANH LE that he was being placed under arrest, and CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ did not advise KHOA ANH LE what crime CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ was arresting him for. In fact, KHOA ANH LE had committed no crime. Instead, CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ threatened KHOA ANH LE with physical harm.  While KHOA ANH LE was still saying that he did not understand CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ's commands, CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ struck KHOA ANH LE'S head, neck and shoulder, which caused KHOA ANH LE to fall to the ground.  CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ with both hands up began to choke KHOA ANH LE'S neck. CITY OF EL MONTE POLICE OFFICER JESUS ROJAS quickly approached KHOA ANH LE with his baton at the ready, and immediately swung it with full force, striking KHOA ANH LE and kicked him in the head. At this, KHOA ANH LE could not move and could not breathe, he could not escape from what he undoubtedly knew was not an arrest, but a beating.

6.     For the next few minutes, the defendant police officers, including CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS continued to choke and beat KHOA ANH LE with their batons, hands, elbows, fists, and knees, even while KHOA ANH LE repeatedly apologized and said "I'm sorry" at least 15 times and said "okay" at least 30 times as

1   he tried to comply and begged for help. Even though KHOA ANH LE repeatedly told

2   the officers at least 8 times that he could not breathe, the officers ignored him and

3

4   continued to place their combined body weight on top of KHOA ANH LE's body.

5   Even though KHOA ANH LE could have been restrained with the use of less than

6   lethal control holds and handcuffs, the defendant officers, and each of them, used

7

8   deadly force by striking KHOA ANH LE repeatedly in the head and face, causing

9   multiple head injuries. While KHOA ANH LE was down on the ground OFFICER

10  JESUS ROJAS tased him multiple times using darts and probes.  Despite the fact that

11

12  KHOA ANH LE was on the ground with two officers on top of him, Defendants

13  agreed to use and did use a deadly choke hold on KHOA ANH LE. Defendants and

14  each of them, ignored the multiple times KHOA ANH LE said "please" and "please

15

16  sir", and the times he asked for help. 7.        In doing the acts and omissions alleged

17  in this Complaint, Defendant police officers pursued an unprivileged course of

18  extreme and outrageous conduct directed at KHOA ANH LE, with the intent to cause

19

20  KHOA ANH LE to suffer extreme terror, fear, shock, anxiety, remorse, mental

21  anguish, despair and emotional distress. Defendants committed these outrageous acts

22  and omissions with the intent to terrorize KHOA ANH LE, and place him in fear for

23

24  his life and to experience other very highly unpleasant emotions.

25  8.      KHOA ANH LE did not die immediately, but he was in respiratory distress

26  when other City of El Monte police officers arrived and attempted to resuscitate

27

28  KHOA ANH LE.  Los Angeles County Fire Department paramedics arrived and

continued to provide medical assistance and transported him to Greater El Monte Hospital. At the hospital John Lin, M.D. pronounced KHOA ANH LE dead at 00:21 hours. The hospital staff and coroner diagnosed KHOA ANH LE with significant facial trauma including multiple head injuries with significant bleeding and swelling.

9.      The Los Angeles County Coroner's Office ruled KHOA ANH LE's death to be a homicide and that his injuries occurred during the physical altercation with law enforcement officers.

10.     Defendant CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ  while applying the choke hold known as the carotid sleeper hold, Officer Ruiz continued to place his body weight on KHOA ANH LE's back which restricted KHOA ANH LE's ability to breath.  While Officer Ruis was placing pressue on KHOA ANH LE's back, Officer Rojas was holding KHOA ANH LE's feet.

11.     At all times material hereto, Defendants, and each of them, knew that KHOA ANH LE was mentally ill. Despite the CITY's knowledge and awareness that its police officers had daily encounters with the mentally ill and homeless population in its city, the CITY did not and otherwise failed to obtain, provide and utilize resources available to it in order to properly train its police officers, including the individual Defendant officers, on how to deal with persons who are homeless and with mental illness during encounters with police.

12.     The death of KHOA ANH LE was the inevitable result of the culture of corruption and deliberate indifference within the City of El Monte Police Department.

The City's police department has a longstanding reputation of running roughshod on its citizens' constitutional rights, ignoring citizen complaints and issuing no discipline to officers accused of wrongdoing. The CITY has a long history of ignoring its officers' abusive practices and is deliberately indifferent to the violations of constitutional rights resulting from the CITY's customs, practices and policies. It fails to monitor and supervise its officers' violations of written policies including officers who do not report their use of force, and officers who do not document their contact with citizens by turning off their Digital Audio Recorder (DAR). It condones its police officers' aggressive practices of arresting citizens without probable cause, using "cover up" offenses such as "resisting arrest" or "drunk in public" and using arrests as punishment for citizens' exercise of their First Amendment rights which its officers instead perceive as "contempt of cop."

13.     The individual officer Defendants' actions and omissions during their encounter with KHOA ANH LE on June 14, 2012 were a product of the reckless and callous indifference by the CITY, its Police Chief and departmental supervisory personnel to citizens' rights, and specifically KHOA ANH LE's constitutional rights to be safe and secure in his person. The actions and omissions by Defendants, and each of them, caused KHOA ANH LE to lose his life, and Plaintiffs to lose their son and brother.

//

//

**PARTIES**

14.     Decedent, KHOA ANH LE , ("KHOA ANH LE"), at all times herein mentioned, was a resident of the County of Los Angeles, State of California. He was mentally ill but lived with his family. He died on June 14, 2012 after causes of action alleged herein arose in his favor. KHOA ANH LE would have been the plaintiff in this action if he had lived.

15.     KHANG LE and GIAO DANG are the natural parents of decedent KHOA ANH LE  and are his surviving heir-at-law. Plaintiffs KHANG LE and GIAO DANG are the successor-in-interest and succeed to KHOA ANH LE's causes of action against Defendants named herein because there is no personal representative of the estate of KHOA ANH LE. Plaintiffs have executed and filed the declaration under penalty of perjury required by Code of Civil Procedure Section 377.32.   TUAN LE (brother) and DIANE LE (sister) are the siblings of KHOA ANH LE.

16.     At all times herein mentioned, Plaintiffs are residents of the County of Los Angeles, State of California.

17.     At all times herein mentioned, Defendants STEVEN SCHUSTER, Chief of Police individually and as a peace officer, CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ,  Badge Number 603, individually and as a peace officer;  CITY OF EL MONTE POLICE , OFFICER JESUS ROJAS Badge Number 641, individually and as a peace officer; and DOES 3-50, inclusive, and each of them, were employees of the City of El Monte and the El Monte Police Department.

18.     Defendant SCHUSTER was at all relevant times, the highest-ranking law enforcement policymaker for the City of El Monte with the power to hire and fire, discipline and supervise officers of the El Monte Police Department.

19.     Defendants DOES 5 through 10 were each duly appointed qualified and acting ranking officers, officials and employees of the El Monte Police Department and Defendant CITY, also charged by law with the supervision, management, control, operation and administration of the El Monte Police Department and with the responsibility, control, supervision, training, employment, assignment, discipline and removal of peace officers of the El Monte Police Department and CITY.

20.     At all relevant times, each individual Defendant was acting within the course and scope of their employment as police officers of the CITY, and under the color of state law, and as the employee, agent and representative of each and every other Defendant.

21.     Defendant CITY OF EL MONTE (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the El Monte Police Department, and particularly said Department's Patrol, Internal Investigations, Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices,

customs and usages related to their dealings with the mentally ill and the homeless, the use and deployment of dangerous weapons, the use of force, the powers of arrest by its rank and file, internal investigations, personnel supervision and meaningful records review and maintenance.

22.     Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 3 through 5, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

23.     Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

24.     Plaintiffs KHANG LE and GIAO DANG  bring these claims individually as parents and Successor in Interest for their son, Khoa Anh Le, Deceased.  KHANG LE and GIAO DANG are residents of California and are entitled to bring these claims individually pursuant to California Code of Civil Procedure §§ 377.30 et seq., 377.60, and federal civil rights law.

25.     Plaintiffs TUAN LE (brother) and DIANE LE (sister) are the siblings of KHOA ANH LE.  Plaintiffs bring these claims individually pursuant to C.C.P. § 377.60 and federal civil rights law.

26.     Plaintiffs herein bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions.  These claims are also brought individually and on behalf of Khoa Anh Le, Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

27.     Defendant CITY OF EL MONTE POLICE DEPARTMENT is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CITY OF EL MONTE POLICE DEPARTMENT  ("EMPD") which employs other defendants in this action.

28.     Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS at all material times were employed as law enforcement officers by Defendant CITY OF EL MONTE POLICE DEPARTMENT, and were acting within the course and scope of that employment.

29.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was

at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

30.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

31.     The acts and omissions of  Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the CITY OF EL MONTE POLICE DEPARTMENT.

32.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

33.     This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

34.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

35.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs individually and as successor in interest sustained the following injuries and damages, past and future, among others:

     a.    Wrongful death of KHOA ANH LE;

     b.    Hospital and medical expenses;

     c.    Coroner's fees, funeral and burial expenses;

     d.    Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

     e.    Loss of economic support;

     f.    Violation of constitutional rights;

     g.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

     h.    KHOA ANH LE's loss of life, pursuant to federal civil rights law;

     i.    KHOA ANH LE's conscious pain and suffering, pursuant to federal civil rights law;

//
//
//
//

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure – Detention and Arrest (42 USC §1983)

### (KHANG LE and GIAO DANG AGAINST DEFENDANTS CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS)

36.    Plaintiffs individually and as successors in interest re-allege each and every paragraph in this complaint as if fully set forth here, and by this reference incorporates the same into each cause of action herein.

37.    By the actions and omissions described above, Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

      a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

      b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

      c.  The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

      d.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

      e.  The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and

Fourteenth Amendments, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.;

38.    Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of KHOA ANH LE,) and others would be violated by their acts and/or omissions.

39.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 37, above.

40.    The conduct of Defendants Officer Ruiz and Officer Rojas DOES 1 through 10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq.

41.    Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988.

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 USC §1983)**

(KHANG LE and  GIAO DANG AGAINST DEFENDANTS CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS)

42.    Plaintiffs individually and as successors in interest re-allege each and every paragraph in this complaint as if fully set forth here.

43.     The unconstitutional actions and/or omissions of Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS, as well as other officers employed by or acting on behalf of Defendant CITY OF EL MONTE POLICE DEPARTMENT, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the EMPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF EL MONTE POLICE DEPARTMENT and the EMPD:

      a.    To use or tolerate the use of excessive and/or unjustified force;

      b.    To use or tolerate the use of unlawful deadly force;

      c.    To fail to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or medically disabled persons;

      d.    To fail to use appropriate and generally accepted law enforcement procedures in handling disabled persons;

      e.    To fail to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

      f.    To cover-up violations of constitutional rights by any or all of the following:

          i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

          ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

    iii. by allowing, tolerating, and/or encouraging Sheriff Deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

  g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

  h. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

44. Defendant CITY OF EL MONTE POLICE DEPARTMENT, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  and other EMPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

45. The unconstitutional actions and/or omissions of Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  and other EMPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the EMPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident

have been revealed to the authorized policy makers within CITY OF EL MONTE

POLICE DEPARTMENT and the EMPD, and that such policy makers have direct

knowledge of the fact that the KHOA ANH LE's shooting was not justified, but

rather represented an unconstitutional display of unreasonable, excessive and deadly

force.  Notwithstanding this knowledge, the authorized policy makers within CITY

OF EL MONTE POLICE DEPARTMENT and the EMPD have approved of

Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF

EL MONTE POLICE OFFICER JESUS ROJAS  shooting of KHOA ANH LE, and

have made a deliberate choice to endorse Defendants shooting of KHOA ANH LE

and the basis for that shooting.  By so doing, the authorized policy makers within

CITY OF EL MONTE POLICE DEPARTMENT and the EMPD have shown

affirmative agreement with the individual defendant officers' actions, and have

ratified the unconstitutional acts of the individual defendant officers.

46.     The aforementioned customs, policies, practices, and procedures, the failures to

properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate,

and discipline, as well as the unconstitutional orders, approvals, ratification and

toleration of wrongful conduct of Defendants CITY OF EL MONTE POLICE

DEPARTMENT, were a moving force and/or a proximate cause of the deprivations

of Plaintiffs' clearly-established and well-settled constitutional rights in violation of

42 USC §1983, as more fully set forth in Paragraph 37, above.

47.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

48.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF EL MONTE POLICE DEPARTMENT as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 22, 27 and 38, above, and punitive damages against Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  in their individual capacities.

## THIRD CLAIM FOR RELIEF

### Unreasonable Search and Seizure and Due Process –

### Excessive Force –Survival Action (42 USC §1983)

(KHANG LE and GIAO DANG, Successors in Interest AGAINST DEFENDANTS CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS )

49.     Plaintiffs as successors in interest re-allege each and every paragraph in this complaint as if fully set forth here.  Specifically, the use of deadly force was excessive and unreasonable under the circumstances.

50.     Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS unjustified killing of

DECEDENT deprived him of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51.     The unreasonable use of deadly force by Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of the their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

53.     As a result of their conduct, Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

54.     Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS  knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary an wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

55.     The conduct of Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ and CITY OF EL MONTE POLICE OFFICER JESUS ROJAS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ nor CITY OF EL MONTE POLICE OFFICER JESUS ROJAS.

56.     Plaintiffs KHANG LE and GIAO DANG bring this claim as successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages under Federal law for the violation of DECEDENT's rights, including DECEDENT's pain and suffering.  Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

**(Negligent Infliction of Emotional Distress [California Civil Code section 1714] )**

(By Plaintiffs KHANG LE,  GIAO DANG, TUAN LE and DIANE LE, Against Defendants CITY OF EL MONTE POLICE OFFICER VICTOR RUIZ, CITY OF EL MONTE POLICE OFFICER JESUS ROJAS, CITY OF EL MONTE and DOES 1-10.)

57.    Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58.    Plaintiffs KHANG LE,  GIAO DANG, TUAN LE and DIANE LE were present and witnessed defendants' unlawful and wrongfully beat, choke and kill KHOA ANH LE.

59.    Defendants' believed, knew and understood, and were aware of facts and circumstances that would have caused a reasonably well trained police officer to believe, know and understand, that Plaintiffs were susceptible from suffering extreme emotional distress from defendants' unlawful and wrongful beating, choking and which caused the death of KHOA ANH LE.

60.    Defendants' actions constitute a breach of defendants' duty to use care toward Plaintiffs.

61.    As a direct and proximate result of defendants' breach of said duty, Plaintiffs suffered severe emotional distress.

//

//

//

# PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.


DATED: July 30, 2014          **CURD, GALINDO & SMITH, LLP**

                              */s/ Alexis Galindo*
                              Alexis Galindo
                              Attorneys for Plaintiffs


DATED: July 30, 2014          **WYNN LAW GROUP**

                              */s/  Richard Wynn*
                              Richard Wynn
                              Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT                                              24

<div align="center">

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

</div>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 301 East Ocean Blvd., Suite 1700, Long Beach, CA 90802.

On **July 30, 2014**, I served the within:

**FIRST AMENDED COMPLAINT FOR DAMAGES**

in said action, on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

[X]   **BY FIRST CLASS MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY PERSONAL SERVICE:** I hand caused _____ to hand deliver such envelope(s) to the named addressee.

[ ]   **BY FACSIMILE:** The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a report of the transmission.

[ ]   **BY E-FILE: (IN COMPLIANCE WITH GENERAL ORDER)** On **July   , 2014**, at my place of business, I e-filed the documents with the Clerk of the Court using the CM/ECF system which sent notification of the filing to the parties listed below:

Peter J. Ferguson
Allen Christiansen
Steven A. Sherman
FERGUSON, PRAET & SHERMAN, APC
1631 E. 18th Street
Santa Ana, CA 92705
(714) 953-5300
(714) 953-1143 (Fax)
Attorneys for Defendants, City of El Monte and Steven Schuster and
Attorneys for Specially Appearing Respondent, El Monte Police Department

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **July 30, 2014** at Long Beach, California.

<div align="right">
_Irene Duran_
Irene Duran
</div>

<div style="writing-mode: vertical">
Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178
</div>

FIRST AMENDED COMPLAINT