1 | **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
PETER J. FERGUSON SBN 108297
2 | peterferg@aol.com
ALLEN CHRISTIANSEN SBN 263651
3 | achristiansen@law4cops.com
1631 E. 18th Street
4 | Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143
5 |
6 | Attorneys for Defendants
CITY OF EL MONTE, STEVEN SCHUSTER,
7 | VICTOR RUIZ and JAVIER ROJAS
8 |
UNITED STATES DISTRICT COURT
9 |
CENTRAL DISTRICT OF CALIFORNIA
10 |
11 | KHANG LE and GIAO DANG,          )   No.  CV14-04579 SJO (SSx)
Successors in Interest and       )
12 | Individually; TUAN LE and DIANE )   **DEFENDANT CITY OF EL**
LE,                              )   **MONTE, STEVEN SCHUSTER,**
13 |                                  )   **OFFICER VICTOR RUIZ AND**
                                 )   **OFFICER JESUS ROJAS'**
14 |            Plaintiffs,          )   **(IMPROPERLY SUED AS**
                                 )   **JAVIER ROJAS) ANSWER TO**
15 | vs.                              )   **PLAINTIFFS' FIRST AMENDED**
                                 )   **COMPLAINT AND**
16 | CITY OF EL MONTE; STEVEN         )   **AFFIRMATIVE DEFENSES;**
SCHUSTER, Chief of Police        )
17 | Individually and as a peace officer, )
OFFICER VICTOR RUIZ; OFFICER )
18 | JAVIER ROJAS and DOES 1          )
through 10, Inclusive,           )
19 |                                  )
            Defendants.          )
20 | _____)
21 |
        Defendants CITY OF EL MONTE, STEVEN SCHUSTER, OFFICER
22 |
VICTOR RUIZ and OFFICER JESUS ROJAS (improperly sued as Javier Rojas),
23 |
as and for their Answer to the First Amended Complaint ("FAC") of Plaintiffs
24 |
KHANG LE, GIAO DANG, TUAN LE and DIANE LE:
25 |
        1.   Deny the allegations contained in paragraph "1" of the FAC.
26 |
        2.   Deny having knowledge or information sufficient to form a belief
27 |
regarding the allegations contained in paragraph "2" of the FAC and, on that
28 |

1

ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

3. Deny the allegations contained in paragraph "3" of the FAC.

4. Deny the allegations contained in paragraph "4" of the FAC.

5. Deny the allegations contained in paragraph "5" of the FAC.

6. Deny the allegations contained in paragraph "6" of the FAC.

7. Deny the allegations contained in paragraph "7" of the FAC.

8. Deny the allegations contained in paragraph "8" of the FAC.

9. Deny the allegations contained in paragraph "9" of the FAC.

10. Deny the allegations contained in paragraph "10" of the FAC.

11. Deny the allegations contained in paragraph "11" of the FAC.

12. Deny the allegations contained in paragraph "12" of the FAC.

13. Deny the allegations contained in paragraph "13" of the FAC.

14. Deny the allegations contained in paragraph "14" of the FAC.

15. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "15" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

16. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "16" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

17. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "17" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

18. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "18" of the FAC and, on that

ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

19. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "19" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

20. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "20" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

21. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "21" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

22. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "22" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

23. Deny the allegations contained in paragraph "23" of the FAC.

24. Deny the allegations contained in paragraph "24" of the FAC.

25. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "25" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

26. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "26" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

3

27.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "27" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

28.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "28" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

29.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "29" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

30.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "30" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

31.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "31" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

32.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "32" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

33.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "33" of the FAC and, on that ground, deny generally and specifically, each and every, all and singular, of the allegations and claims set forth therein.

4

34.  Deny the allegations contained in paragraph "34" of the FAC.

35.  Deny the allegations contained in paragraph "35" of the FAC.

### AS TO THE FIRST CLAIM FOR RELIEF

36.  Repeat and reallege each and every answer stated in response to the paragraphs designated "1" through "35" of the FAC in response to paragraph "36" of the FAC, as if fully restated here.

37.  Deny the allegations contained in paragraph "37" of the FAC.

38.  Deny the allegations contained in paragraph "38" of the FAC.

39.  Deny the allegations contained in paragraph "39" of the FAC.

40.  Deny the allegations contained in paragraph "40" of the FAC.

41.  Deny the allegations contained in paragraph "41" of the FAC.

### AS TO THE SECOND CLAIM FOR RELIEF

42.  Repeat and reallege each and every answer stated in response to the paragraphs designated "1" through "41" of the FAC in response to paragraph "42" of the FAC, as if fully restated here.

43.  Deny the allegations contained in paragraph "43" of the FAC.

44.  Deny the allegations contained in paragraph "44" of the FAC.

45.  Deny the allegations contained in paragraph "45" of the FAC.

46.  Deny the allegations contained in paragraph "46" of the FAC.

47.  Deny the allegations contained in paragraph "47" of the FAC.

48.  Deny the allegations contained in paragraph "48" of the FAC.

### AS TO THE THIRD CLAIM FOR RELIEF

49.  Repeat and reallege each and every answer stated in response to the paragraphs designated "1" through "48" of the FAC in response to paragraph "49" of the FAC, as if fully restated here.

50.  Deny the allegations contained in paragraph "50" of the FAC.

51.  Deny the allegations contained in paragraph "51" of the FAC.

52.  Deny the allegations contained in paragraph "52" of the FAC.

53.  Deny the allegations contained in paragraph "53" of the FAC.

54.  Deny the allegations contained in paragraph "54" of the FAC.

55.  Deny the allegations contained in paragraph "55" of the FAC.

56.  Deny the allegations contained in paragraph "56" of the FAC.

### AS TO THE FOURTH CLAIM FOR RELIEF

57.  Repeat and reallege each and every answer stated in response to the paragraphs designated "1" through "56" of the FAC in response to paragraph "57" of the FAC, as if fully restated here.

58.  Deny the allegations contained in paragraph "58" of the FAC.

59.  Deny the allegations contained in paragraph "59" of the FAC.

60.  Deny the allegations contained in paragraph "60" of the FAC.

61.  Deny the allegations contained in paragraph "61" of the FAC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62.  The FAC, and each and every cause of action set forth therein, fails to state a valid claim upon which relief can be granted, and therefore must be dismissed.

### AS AND FOR A SECOND
### AND ALTERNATIVE AFFIRMATIVE DEFENSE

63.  The FAC, and each and every cause of action set forth therein, are barred because the plaintiff has asserted a fact which is false, that the Plaintiff knows to be false.

### AS AND FOR A THIRD
### AND ALTERNATIVE AFFIRMATIVE DEFENSE

64.  The FAC, and each and every cause of action set forth therein, are barred because conduct by the Plaintiff constitutes unclean hands and therefore bars the granting of relief.

///

6

**AS AND FOR A FOURTH**

**AND ALTERNATIVE AFFIRMATIVE DEFENSE**

65.  The FAC, and each and every cause of action set forth therein, are barred by doctrine of laches.

**AS AND FOR A FIFTH**

**AND ALTERNATIVE AFFIRMATIVE DEFENSE**

66.  The FAC, and each and every cause of action set forth therein, should be denied because Defendants have acted in the good faith belief that their actions are lawful.

**AS AND FOR A SIXTH**

**AND ALTERNATIVE AFFIRMATIVE DEFENSE**

67.  The FAC, and each and every cause of action set forth therein, are barred due to uncertainty because the Plaintiff has failed to plead his causes of action with the particularity required by law.

**AS AND FOR A SEVENTH**

**AND ALTERNATIVE AFFIRMATIVE DEFENSE**

68.  These answering Defendants are informed and believe and thereon allege that the damages referred to in this action by Plaintiff were proximately caused by the Plaintiff and/or others affiliated in any manner with Plaintiff in that at all times relevant herein, Plaintiff, failed to exercise for his own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if these answering Defendants committed any wrongful act at all (which supposition is made for the purpose of their defense without admitting such to be a fact), the aforesaid conduct of Plaintiff and/or entities or persons associated in any manner with the Plaintiff contributed to the happenings of Plaintiff's alleged damages.

///

7

## AS AND FOR AN EIGHTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

69.  The FAC, and each and every cause of action set forth therein, are barred by the doctrines of waiver and equitable estoppel.

## AS AND FOR A NINTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

70.  The FAC, and each and every cause of action set forth therein, are barred by statute.

## AS AND FOR A TENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

71.    These answering Defendants allege that Plaintiff has failed to comply with applicable sections of the California Government Code relating to claims and actions against public entities and public employees.

## AS AND FOR AN ELEVENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

72.    These answering Defendants allege that public employees are immune from liability for acts undertaken in an official capacity and in good faith.

## AS AND FOR A TWELFTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

73.    These answering Defendants allege that the acts, omissions and conduct upon which Plaintiff alleges his claims are beyond the applicable statutes of limitations and are untimely.

## AS AND FOR A THIRTEENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

74.    These answering Defendants allege that Plaintiff has failed to exhaust his administrative remedies and is barred from bringing these claims.

///

DEFENDANT CITY OF EL MONTE, STEVEN SCHUSTER, OFC. VICTOR RUIZ
AND OFC. JESUS ROJAS' ANSWER TO PLAINTIFFS' FAC

## AS AND FOR A FOURTEENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

75.     These answering Defendants allege that decedent's estate has failed to file a timely tort claim and any claims brought on behalf of the estate are thereby barred pursuant to the Tort Claims Act and the applicable sections of the California Government Code.

## AS AND FOR A FIFTEENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

76.     These answering Defendants allege that Plaintiffs have failed to file a timely tort claim and any claims brought on behalf of the Plaintiffs are thereby barred pursuant to the Tort Claims Act and the applicable sections of the California Government Code.

## AS AND FOR A SIXTEENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

77.     These answering Defendants allege that a public employee is not liable for his act or omission, exercising due care in the execution or enforcement of any law.

## AS AND FOR A SEVENTEENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

78.     These answering Defendants allege that a public employee is not liable for any injury caused by the act or omission of another person.

## AS AND FOR AN EIGHTEENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

79.     These answering Defendants allege that a public employee is not liable for an injury resulting from his act of omission where the act or omission was the result of the exercise of the discretion vested in him.

///

9

## AS AND FOR A NINETEENTH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

80.     These answering Defendants allege that Plaintiff's have failed to comply with the requirements California Code of Civil Procedure section 377, et seq., and any claims brought on behalf of the estate are thereby barred.

## AS AND FOR A TWENTIETH
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

81.     These answering Defendants allege that Plaintiffs fail to state facts sufficient to constitute a cause of action against Doe Defendants, which are presumably public entities and public officials. (*Olden v. Hatchell*, 154 Cal. App. 3d 1032, 1035-37 (1984); *Chase v. State of California*, 67 Cal. App. 3d 808, 813 (1997)).

## AS AND FOR A TWENTY-FIRST
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

82.     These answering Defendants allege that their conduct is protected by the governmental immunity set forth in *California Government Code* §§ 815, 820 and any other pertinent governmental immunity statutes or laws.

## AS AND FOR A TWENTY-SECOND
## AND ALTERNATIVE AFFIRMATIVE DEFENSE

83.     These answering Defendants allege that Defendants are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of Trial in order to conform the pleadings to established evidence.

///

DEFENDANT CITY OF EL MONTE, STEVEN SCHUSTER, OFC. VICTOR RUIZ
AND OFC. JESUS ROJAS' ANSWER TO PLAINTIFFS' FAC

1

**WHEREFORE,** the Defendants ask this Court to deny all relief requested

2

by the Plaintiff.  Further, the Defendants respectfully request legal fees and costs

3

pursuant to statute, and such other and further relief as this Court deems just and

4

proper.

5

6

DATED: August 19, 2014            FERGUSON, PRAET & SHERMAN, APC

7

/s/ Allen Christiansen
Allen Christiansen  SBN 263651

8

Peter J. Ferguson  SBN 108297
Attorneys for Defendant City of El Monte, Steven

9

Schuster, Ofc. Victor Ruiz and Ofc. Jesus Rojas

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

   I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

   On August 20, 2014, I served the foregoing **DEFENDANT CITY OF EL MONTE, STEVEN SCHUSTER, OFFICER VICTOR RUIZ AND OFFICER JESUS ROJAS' (IMPROPERLY SUED AS JAVIER ROJAS) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES;** on the interested parties in this action:

Alexis Galindo, Esq.
Curd, Galindo & Smith, LLP
301 E. Ocean Blvd., Suite 1700
Long Beach, CA 90802
(562) 624-1177 / (562) 624-1178 Fax
Attorneys for Plaintiffs Khang Le and Giao Dang

Richard Wynn, Esq.
Wynn Law Group
301 E. Ocean Blvd., Suite 1700
Long Beach, CA 90802
(562) 590-3700
Attorneys for Plaintiffs Tuan Le and Diane Le

\_\_\_\_  (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

\_\_\_\_  (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2014, at Santa Ana, California.

         /s/ Cathy Sherman
         Cathy Sherman