CURD, GALINDO & SMITH, L.L.P.
ALEXIS GALINDO, SBN 136643
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
EMAIL: agalindo@cgsattys.com

<u>Attorneys for Plaintiffs</u>
KHANG LE and GIAO DANG, Successors in Interest and Individually

Richard Wynn SBN 200752
WYNN LAW GROUP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone: 562-590-3700
EMAIL: rwynn@wynnlawgroup.com

<u>Attorneys for Plaintiffs</u>
TUAN LE and DIANE LE

# UNITED STATES FEDERAL COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHANG LE and GIAO DANG, Successors in Interest and Individually; TUAN LE and DIANE LE. <br><br> Plaintiffs <br><br> vs. <br><br> CITY OF EL MONTE; STEVEN SCHUSTER, Chief of Police Individually and as a peace officer, OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive. <br> Defendants | CASE NO: 2:14-cv-04579-SJO-SS <br><br> **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULES 16(b) & 26(f)** <br><br> **[Fed.R. Civ. P. 16 (b) & 26 (f); L.R. 26-1; Court's Order Setting Rule 16(b) Scheduling Conference]** |

*Curd, Galindo & Smith, L.L.P.*
*301 E. Ocean Boulevard, Suite 1700*
*Long Beach, CA 90802*
*Ph: (562) 624-1177*
*Fx: (562) 624-1178*

1

**TO THE HONORABLE COURT:**

By and through their counsel of record in this action, plaintiffs KHANG LE and GIAO DANG, Successors in Interest and Individually, TUAN LE and DIANE LE and defendants CITY OF EL MONTE; STEVEN SCHUSTER, Chief of Police Individually and as a peace officer, OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS met and conferred extensively on September 11, 2014 and thereafter pursuant to Federal Rule of Civil Procedure 26(f), United States District Court, Central District of California Local Rule 26-1, and any applicable Orders of the Court and in order to prepare and submit this Joint Report.

**SUBJECT MATTER JURISDICTION.**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). State law claims arising from the same incident giving rise to Plaintiffs' federal law claims would likely be subject to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367; *cf.* 28 U.S.C. § 1391 (re venue is proper if the incident occurred in the federal district where suit is brought).

**Status of Amendment of Pleadings and Adding of Parties.**

Plaintiffs first filed their complaint in State court and by way of stipulation Plaintiffs dismissed the State Action and filed this operative Complaint on July 30, 2014. The complaint was served on defendants on June 31, 2014. Defendants timely filed and served their Answer to plaintiff s' First Amended Complaint on August 18, 2014. The case is thus at issue.

The parties will further meet-and-confer should any parties determine that any amendment of the pleadings is warranted; however, the Plaintiffs do not intend to add any additional parties.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

2

# STATEMENT OF THE CASE: SUMMARY OF FACTUAL AND LEGAL ISSUES

### A.    Plaintiffs' Factual Contentions.

Plaintiffs are the surviving heirs of KHOA ANH LE who bring their action as successors in interest on behalf of decedent, Khoa Anh Le and individually. The parties are KHANG LE the father (age 72 -February 6, 1942, Hai Noi, Vietnam), GIAO DANG, the mother, (age 65-February 16, 1949, Hai Noi, Vietnam) TUAN LE, the brother  (age 44 November 24, 1970, Saigon, Vietnam)  and DIANE LE, the sister ( age 31 January 15, 1983, Saigon, Vietnam)

The Plaintiffs have alleged that on June 14, 2012 City of El Monte police officers VICTOR RUIZ and JESUS ROJAS wrongfully beat, Tased, and choked (using the carotid restraint hold) the decedent, causing his death.

On August 21, 2012 Plaintiffs presented to the City of El Monte a Claim for Damages based on the acts, omissions, damages and injuries herein complained of, pursuant to Government Code Section 911.2. Defendant CITY OF EL MONTE did not send Plaintiffs a written rejection within 45 days and the Claim was deemed rejected by operation of law.

The Plaintiffs have deposed the involved police officers and the defense has taken the deposition of all Plaintiffs. Additionally, the Plaintiffs have taken the deposition of the pathologist who performed the autopsy of the Los Angeles County Coroner's Office.

### B.    Defendants' Procedural History and Factual Contentions

1. Procedural History

This matter was originally filed in State Court on December 10, 2012 as Case No. BC497169.  On January 18, 2013 Defendants sent a written

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

3

correspondence to Plaintiffs seeking clarification as to whether Plaintiffs were alleging, or intending to allege, a Federal claim and indicating that, if so, Defendants intended to remove the action to Federal Court.

On January 23, 2013 Plaintiffs responded that their lawsuit did not contain a 42 U.S.C. section 1983 claim nor were Plaintiffs seeking to allege such a claim.

A demurrer was thereafter filed in this matter and Plaintiff's filed a First Amended Complaint in response. A demurrer was filed to that FAC and, after the Court dismissed claims for IIED and *Civil* Code Section 52.1, there was no further amendment.

Trial on the State matter was set for December 1, 2014 with a discovery cutoff of November 1, 2014. Discovery in the matter was near completion when on June 13, 2014, one day prior to the expiration of the two-year statute of limitations on 42 U.S.C. Section 1983 claims, Plaintiffs filed their federal complaint in this Court. Plaintiffs then waited until June 24, 2014 to serve Defendants with the federal complaint and made no mention of any intent to file such a complaint at any time prior.

In seeking to avoid a motion for Rule 11 sanctions, Plaintiffs agreed to dismiss their State claims with prejudice, amend their federal complaint to dismiss state claims which had already been ruled on in the state court, and agree that, because extensive discovery had already been conducted on the parties, that no duplicative discovery would take place nor further discovery on the named parties. **See Docket No. 14**.

Defendants now contend, as set forth below, that in this Joint Report Plaintiffs are misrepresenting the claims alleged in their First Amended Complaint and are stating that claims exist that are either not alleged or are not actionable.

//

//

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

## 2. Factual Contentions

Defendants deny Plaintiffs' allegations. Defendants contend that Defendants were called out to the residence of decedent Khoa Anh Le by decedent's sister, Diane Le, who called 911 to report that decedent was verbally and physically attacking his elderly father, Khang Le.

When Defendants arrived, decedent Khoa Anh Le was in the cluttered garage of the home and refused to obey the lawful commands of Defendant officers. When Defendant officers attempted to guide decedent out of the confined and cluttered garage, decedent became verbally and physically resistive and unlawfully resisted, struck and fought the Defendant officers.

Defendant officers used reasonable force in seeking to control decedent and deny any and all allegations of excessive force and unreasonableness set forth by the Plaintiffs.

### Operative Claims and Legal Issues to be Decided.

Plaintiffs sue Defendant(s) under the following operative legal theories and causes of action:

1.      A 42 U.S.C. § 1983 claim by plaintiffs KHANG LE and GIAO DANG, Successors in Interest on behalf of decedent Khoa Anh Le for violation of the Fourth Amendment to the U.S. Constitution by defendants by **Excessive Force – Non-Deadly** upon decedent (First Cause of Action);

2.      A 42 U.S.C. § 1983 claim by plaintiffs KHANG LE and GIAO DANG, Successors in Interest on behalf of decedent Khoa Anh Le for violation of the Fourth Amendment to the U.S. Constitution by defendants by **Excessive Force – Deadly** upon decedent (First Cause of Action);

3.      A 42 U.S.C. § 1983 claim by plaintiffs KHANG LE and GIAO DANG,  on their own behalf,  individually, for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by Defendants **Excessive Force Resulting in Wrongful Death and Deprivation of Familial Relationships;** and

5

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

4.     Plaintiffs KHANG LE, GIAO DANG, TUAN LE and DIANE LE, individually bring their actions for emotional distress as a *Dillon v Thing* claim.

5.     A 42 U.S.C. § 1983 claim by plaintiffs  KHANG LE and GIAO DANG on behalf of decedent Khoa Anh Le, as well as on their own behalf,  violation of the Fourth and/or Fourteenth Amendments to the U.S. Constitution by defendant CITY OF EL MONTE way of **Municipal Liability for Unconstitutional Custom or Policy** by way of Constitutionally Inadequate Employment, Retention, Training, Supervision, Assignment, Investigation, and Discipline of  officers Victor Ruiz and Jesus Rojas (*Monell-Canton* claim – Second Cause of Action).

Plaintiffs claim against such defendants for such claims for general damages, special damages, exemplary-punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and costs of suit.  Defendants deny all liability and wrongdoing for any and all of plaintiffs' claims.

The **ultimate issues** to be decided in this case are thus anticipated to be:

1.     During the incident at issue, did involved City of El Monte police officers detain plaintiffs' decedent without a reasonable suspicion of decedent's involvement in criminal activity or a violation of the law as adjudged from the objective perspective of a reasonable peace officer under the totality of the circumstances, in compliance with applicable constitutional law?

2.     During the incident at issue, did involved City of El Monte peace officers use non-deadly force upon plaintiffs' decedent that was objectively reasonable from the perspective of a reasonable peace officer under the totality of the circumstances, in compliance with applicable constitutional law?

3.     During the incident at issue, did involved City of El Monte peace officers use deadly force upon plaintiffs' decedent that was objectively reasonable from the perspective of a reasonable peace officer under the totality of the circumstances, in compliance with applicable constitutional law?

6

4.     During the incident at issue, did involved City of El Monte peace officers deprive plaintiffs of their familial association with decedent in a manner that shocks the conscience under applicable Fourteenth Amendment Due Process constitutional law?

5.     During the incident at issue, did involved City of El Monte peace officers negligently inflict emotional distress upon Plaintiffs and did the Plaintiffs observe or witness through their senses the killing of Khoa Le?

6.     If a constitutional violation is found to have occurred during the incident, did the City of El Monte have an unconstitutional policy or practice that resulted in that violation (*Monell*)?

7.     If a constitutional violation is found to have occurred during the incident, was the City of El Monte deliberately indifferent to constitutionally adequate employment, retention, training, supervision, investigation, or discipline; and, if so, was such deliberate indifference a legal cause of that violation (*Monell-Canton*)?

### **Defendants' Position re: Legal Issues and Contentions**

Defendants contend that Plaintiff has improperly and incorrectly framed the legal issues presented by their First Amended Complaint and that Plaintiffs are improperly seeking to maintain Plaintiff's Tuan Le and Diane Le as parties to this lawsuit by an improper state claim for Negligent Infliction of Emotional Distress, which Plaintiffs have intentionally ignored and failed to present above.

As such, Defendants contend that Plaintiffs have not set forth the 42 U.S.C. Section 1983 claims in their complaint they have alleged in this Joint Report as operative claims in paragraphs 1 through 5, above. Additionally, Plaintiffs cannot allege separate claims for Excessive Force – Non Deadly and Excessive Force – Deadly, nor can Plaintiffs allege an unlawful detention and arrest when it was Plaintiffs that made the 911 call for police to respond to decedent pushing, hitting and beating and his elderly father who is a Plaintiff in this lawsuit. Further, current

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

authority precludes the Plaintiff siblings from asserting a claim for loss of familial relations.

Defendants contend that a Rule 11 motion for sanctions may be warranted based upon such improper allegations.

## PARTIES AND NON-PARTY WITNESSES.

    **A.**      **Parties.**

    1.      Plaintiffs KHANG LE and GIAO DANG, on their own behalf and on behalf of **decedent Khoa Anh Le**;

    2.      Plaintiff, TUAN LE, individually;

    3.      Plaintiff, DIANE LE, individually;

    4.      Defendant CITY OF EL MONTE ("CITY"), a public entity.

    5.      Defendant, OFFICER VICTOR RUIZ;

    6.      Defendant, OFFICER JESUS ROJAS

    **B.**      Defendant, STEVEN SCHUSTER, Chief of Police

    **C.**      **Non-Party Incident Witnesses.**

In light of the current state of investigation, disclosures, and discovery, all of the percipient or pertinent witnesses cannot be identified here at this time.

Defendants contend that based upon extensive discovery that has been conducted to this point, Plaintiffs are, or should be, aware of any and all available witnesses.

## DAMAGES AND INSURANCE CONTENTIONS.

Plaintiffs claim against such defendants for such claims for general damages, special damages, exemplary-punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and costs of suit.

Defendants deny all liability and wrongdoing for any and all of plaintiffs' claims. Defendant City is insured as a part of a risk management association and through other means.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

## PROPOSED CASE MANAGEMENT SCHEDULE.

### A.    Proposed Case Management Schedule: Discovery, Motions, Experts, Pre-Trial Documents, and Trial.

The parties jointly request a case management scheduling order with dates and deadlines comparable to the following to the extent feasible in light of the Court's calendar (which has been prepared after careful consultation with the Court's applicable standing and model orders):

### SCHEDULE OF PRE-TRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: 4 days | 9/29/2015 9:00A.M. | | | Defendant: 10/27/2015 | |
| Final Pretrial Conference; Discuss Previously−Filed Motions in Limine; File Agreed−Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Questions and Agreed−To Statement of Case; File Witness List, Exhibit List, and Trial Brief | 9/21/2015 9:00 a.m. | 8 days before trial | | Defendant: 10/19/2015 | |
| Last Day for Hearing Motions | 8/15/2015 | 45 days before trial | | Defendant: 9/11/2015 | |
| Discovery Cut−Off | 7/1/2015 | 90 days before trial | | Defendant: 1/1/2015 | |

9

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

**L.R. 16–14 Settlement Choice:  (1) CT/USMJ  (2) Atty  (3) Outside ADR  (4) Trial Court**

| | | | | | |
|---|---|---|---|---|---|
| **Last Day to Conduct Settlement Conference** | 8/29/2015 | 3 weeks prior to pretrial conference | | **Defendant: 9/28/2015** | |
| **Last Day to Amend Pleadings or Add Parties** | 10/29/2014 | within 30 days from scheduling conference | | | |

The parties acknowledge that the Court may have trial calendar conflicts that prevent adoption of the above proposed dates.  In such an event, the parties request that alternate dates be scheduled but, to the extent feasible and at the discretion of the Court and as permissible under the applicable Rules, that the relative sequence of deadlines proposed herein above serve as the template for any scheduling order.

Because this case had been previously pending in State court with a discovery cutoff date of November 1, 2014, and because discovery has already been extensively conducted in this matter (with the exception of expert discovery), Defendants recommend, and request, a discovery cutoff of January 1, 2015 for non-expert discovery.

**B.     Known or Anticipated Calendar Conflicts of Counsel.**

**Plaintiffs' Counsel Calendar Conflicts.**

Alexis Galindo, Plaintiffs' lead counsel has the following trial calendar conflicts:

Oct 6, 2014 *Hannifin v. La Placita* et al,   San Bernardino Superior Court

Oct 20, 2013     *Sarmiento v. Delgado,*   Los Angeles Superior Court

Oct 30, 2014     *Hunt/Reynolds v DRMC* et al, Los Angeles Superior Court.

Nov. 4, 2014     *Roy-Condon vs. State of Calif,* L.A. Superior Court

Dec. 1, 2014     *Le vs. City of El Monte,* Los Angeles Superior Court

10

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Jan 19, 2015        *Douglas v. Remco Enterprises*, L.A. Superior Court

Jan 26, 2015        *Irrizarry v. Interstate Realty*  Kern County Superior Court.

**Defendants' Counsel Calendar Conflicts.**

The weeks of March 23, 2015; March 30, 2015; June 8, 2015; September 28, 2015; November 15, 2015.

**C.     Discovery Plan.**

The parties have already conducted extensive discovery and do not seek to duplicate the discovery.  The Defendants have completed the depositions of the Plaintiffs and the Plaintiffs have taken the depositions of the defendant officers. The Plaintiffs still need to complete additional depositions of the defendant City of El Monte's Person Most Knowledgeable regarding training and perhaps two percipient witness depositions.

Counsel for the parties will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

The parties also anticipate that each side (set of opposing parties) will designate 1-5 **experts** on liability and damages issues, potentially including non-retained experts and those depositions of such experts will also be taken. However, this estimate is not meant to limit the parties and each party reserves their right to call additional experts as appropriate in light of the circumstances and the nature of the claims and defenses at issue.  The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

**1.  Defendants' Statement Regarding Discovery**

Defendants contend that this matter is not in the "very preliminary phases" as alleged by Plaintiff, this case was filed in Federal Court nearly two years after the identical lawsuit, with the exception of 42 U.S.C. Section 1983 claims, was filed in State court.  At that time Plaintiffs informed Defendants that they were not

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

11

pursuing Federal Claims in order to avoid removal at that time.  In fact, the State action was set for trial on December 1, 2014 and the resulting discovery cutoff for November 1, 2014.

As a result, **the parties have already agreed** to not engage in duplicative discovery efforts, that the parties would not conduct discovery on the named parties in this litigation and that all discovery obtained in the state litigation could be used for all purposes in this Federal Litigation.  See **Docket No. 14**.

## ANTICIPATED MOTIONS AND RELATED ISSUES.

At present, the parties are not aware of any motions pending before this Court.  However, during the course of litigation of this action, Plaintiff and Defendants anticipate the filing of the following motions:

Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions;

Motion for summary judgment and/or adjudication of the issues, potentially including on the basis of qualified immunity;

Motion for bifurcation of trial on punitive damages issues;

Motions *in limine*, potentially including *Daubert* motions *in limine*; and

Other pretrial and/or post-trial motions as may be appropriate.

Defendants also anticipate the possibility of filing of a Rule 11 motion for sanctions for any improper and potentially frivolous claims set forth in Plaintiffs complaint based upon Plaintiffs representations in this Joint Report of what they are alleging or seeking to allege in that complaint.

## ANTICIPATED PROCEDURAL OR EVIDENTIARY ISSUES.

Litigation of this matter is still in its very preliminary phases, so Plaintiff and Defendants cannot yet anticipate all of the legal issues that will arise in this

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

action. However, the parties will endeavor to keep the honorable Court fully informed of such issues during the course of this litigation.

**SETTLEMENT PROSPECTS AND A.D.R. SELECTION.**

The parties have conferred on the prospects for settlement of this matter.

The Parties will seek to participate in the early mediation program. The parties have discussed using a private mediator.

At present, the parties select Procedure no. 3 (private mediation). Defendants reserve the right to conduct mediation pursuant to ADR Option 1.

**TRIAL ESTIMATE.**

The parties estimate that trial of this matter should take four (4) court days.

**JURY TRIAL STATUS.**

In their pleadings on file with the honorable Court, all parties demand a trial by jury in this matter. Accordingly, this action is a jury case.

**TRIAL COUNSEL.**

The attorneys who anticipate trying this case on behalf of **Plaintiffs** are lead plaintiff's counsel **Alex Galindo** of the law firm of Curd, Galindo, and Smith, LLP.

The attorneys who anticipate defending this case at trial on behalf of **Defendants** are lead trial counsel Peter J. Ferguson of the Law Offices of Ferguson, Praet & Sherman.

**REQUEST FOR USE OF ELECTRONICS AT TRIAL.**

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, the parties request a Court Order for authorization for use of certain equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, including wireless communication devices such as smartphones, laptops, tablet computers, and associated electronic equipment and/or supporting carts so as to facilitate efficient presentation and conduct of the trial.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

13

**MISCELLANEOUS.**

With regard to the parties' proposed case management schedule, the parties have substantially conformed with the customary distribution of litigation deadlines typically imposed by this Court in civil litigation, with only one significant deviation: the parties' proposed schedule advances the customary deadline for completion of non-expert discovery so as to effectively bifurcate expert discovery from non-expert discovery while also increasing the prospect that all non-expert discovery will be timely completed before the time that any dispositive motions must be filed.

Defendants submit that based upon the stipulation of the parties which is reflected in an order of this Court (Docket No. 14) that the entire discovery schedule should be shortened based upon extensive discovery and depositions having already been conducted and the parties' stipulation (and resulting order) that no further discovery would be conducted with respect to the named parties.

DATED: September 12 , 2014          **CURD, GALINDO & SMITH, LLP**

By: /SS/ *Alexis Galindo*
Alexis Galindo
Attorneys for Plaintiffs

DATED: September 12, 2014          **WYNN LAW GROUP**

By: /SS/ *Richard Wynn*
Richard Wynn
Attorneys for Plaintiffs

DATED: September 12, 2014          **FERGUSON, PRAET & SHERMAN**

By: /SS/ *Allen Christiansen*
Allen Christiansen
Attorneys for Defendants

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 301 East Ocean Blvd., Suite 1700, Long Beach, CA 90802.

On **September 15, 2014**, I served the within:

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULES 16(b) & 26(f)  [Fed.R.Civ.P. 16(b) & 26(f); L.R. 26-1; Court's Order Setting Rule 16(b) Scheduling Conference]**

in said action, on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

[  ]  **BY FIRST CLASS MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]  **BY FACSIMILE**:  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2005(I), I caused the machine to print a report of the transmission.

[X]  **BY E-FILE:  (IN COMPLIANCE WITH GENERAL ORDER)**  On **September 15, 2014**,   at my place of business, I e-filed the documents with the Clerk of the Court using the CM/ECF system which sent notification of the filing to the parties listed below:

Peter J. Ferguson
Allen Christiansen
Steven A. Sherman
FERGUSON, PRAET & SHERMAN, APC
1631 E. 18th Street
Santa Ana, CA  92705
(714) 953-5300
(714) 953-1143 (Fax)
Attorneys for Defendants, City of El Monte and Steven Schuster and
Attorneys for Specially Appearing Respondent, El Monte Police Department

[X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **September 15, 2014** at Long Beach, California.

*Irene Duran*
Irene Duran

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178