**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
PETER J. FERGUSON SBN 108297
peterferg@aol.com
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

Attorneys for Defendants
CITY OF EL MONTE, STEVEN SCHUSTER,VICTOR RUIZ and JESUS ROJAS (improperly sued as Javier Rojas)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KHANG LE and GIAO DANG, Successors in Interest and Individually; TUAN LE and DIANE LE,

Plaintiffs,

vs.

CITY OF EL MONTE; STEVEN SCHUSTER, Chief of Police Individually and as a peace officer, OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive,

Defendants.

No. CV14-04579 SJO (SSx)

Hon. S. James Otero

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT;**

**[FRCP Rule 56]**

Date : March 2, 2015
Time : 10:00 a.m.
Courtroom : 1 - 2nd Floor

///

# Table of Contents

I. INTRODUCTION AND FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. THE CITY OF EL MONTE IS ENTITLED TO JUDGMENT IN ITS FAVOR BECAUSE PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED A *MONELL* CLAIM AND NO SUCH POLICIES EXIST. . . . . . . . . . . . . . . . . 3

A. There is no Evidence that the City's Policies or Customs Amounted to Deliberate Indifference with Regard to Failure to Train. . . . . . . . . . . 4

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

///

# Table of Authorities

Federal Cases — Page

*Anderson v. Liberty Lobby, Inc.* (U.S. 1986)
477 U.S. 242. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

*Blankenhorn v. City of Orange*
485 F.3d 463. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Canas v. City of Sunnyvale* (N.D. Cal. Jan 19, 2011)
2011 U.S. Dist. LEXIS 4942. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Celotex Corp. v. Catrett* (U.S. 1986)
477 U.S. 317. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*City of Canton, Ohio v. Harris* (U.S. 1989)
489 U.S. 378. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Galen v. County of Los Angeles* (9th Cir. 2007)
477 F.3d 652. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jarreau-Griffen v. City of Vallejo* (E.D. Cal. Dec. 6, 2013)
2013 U.S. Dist. LEXIS 172886. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Monell v. Dep't of Soc. Servs.* (U.S. 1978)
436 U.S. 658. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 6

*Mong Kim Tran v. City of Garden Grove* (C.D. Cal. Feb. 7, 2012)
2012 U.S. Dist. LEXIS 15606. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Soremekun v. Thrifty Payless, Inc.* (9th Cir. 2007)
509 F.3d 978. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United Steelworkers of Am. v. Phelps Dodge Corp.* (9th Cir. 1989)
865 F.2d 1539. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Young v. City of Visalia* (E.D. Cal. 2009)
687 F. Supp. 2d 1141.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statutes Page

*42 U.S.C. § 1983* . . . . . . . . . . 3

*Fed. R. Civ.* P. 56. . . . . . . . . . 1, 2

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGEMENT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGEMENT**

## I. INTRODUCTION AND FACTS

In essence, this matter consists of a survival claim brought by Plaintiffs on behalf of Khoa Anh Le (hereinafter "Decedent"), who died on or about June 14, 2012. Plaintiffs consist of the decedent's parents, Khang Le and Giao Dang, and siblings, Tuan Le and Diane Le[1].

There are presently two causes of action[2] remaining against the Defendants in this matter, to wit, the Second Cause of Action for *Monell* and the Third Cause of Action, a survival claim for Excessive Force.

Regarding the Second Cause of Action for *Monell* violations, the Plaintiffs have failed to identify any policy of the City of El Monte to violate the civil rights of persons because the City of El Monte has no such policies as set forth below.

It is therefore respectfully requested that this Court enter judgment in favor of Defendants and against Plaintiffs as to the Second Cause of Action alleged by Plaintiffs.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). Material facts are those that may affect the outcome of the case. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is

---

[1]Defendants contend that after Plaintiffs agreed to dismissed the Fourth Cause of Action for Negligent Infliction of Emotional Distress, there are no remaining claims to support a cause of action on behalf of Plaintiffs Tuan Le and Diane Le.

[2]On January 26, 2015, Plaintiffs agreed to dismiss the First and Fourth Causes of Action and agreed to dismiss Defendant Chief Steven Schuster. A stipulation and proposed order to that effect was filed with this Court on January 26, 2015. (Docket No. 25).

"genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." See *id*. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id*. at 254. The question is "whether a jury could reasonably find either that the [moving party] proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Id*. (emphasis omitted). "[A]ll justifiable inferences are to be drawn in [the nonmovant's] favor." See *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing *Anderson*, 477 U.S. at 255).

The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; see also *Fed. R. Civ. P.* 56(e). The opposing party need not show the issue will be resolved conclusively in its favor. See *Anderson*, 477 U.S. at 248-49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. See *id*.

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party, but on an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out "that there is an absence of evidence to

support the nonmoving party's case." *Id*. at 325; accord *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

## III. THE CITY OF EL MONTE IS ENTITLED TO JUDGMENT IN ITS FAVOR BECAUSE PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED A *MONELL* CLAIM AND NO SUCH POLICIES EXIST

When an individual sues a local government for violation of his constitutional rights, the municipality is liable only if the individual can establish that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (U.S. 1978)).

Pursuant to the holding in *Monell*, a local government is not liable under 42 USC § 1983 for a deprivation of plaintiff's constitutional interests unless "some official policy, '**causes**' an employee to violate another's constitutional rights ... that language cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (emphasis added.)

In the present matter, the Plaintiffs have sued the Defendant City of El Monte with the conclusory allegation that "[t]he unconstitutional actions and/or omissions of Defendants ... on information and belief, were pursuant to the following customs, policies, practices and/or procedures of the EMPD ..." (First Amended Complaint ("FAC") ¶43). Plaintiffs then go on to list a series of alleged policies in conclusory fashion with no evidentiary support. (FAC, 17:1-18:14).

These conclusory allegations are insufficient to support a *Monell* claim. To state a *Monell* violation requires that the Plaintiff "[I]dentif[y] the challenged policy/custom, explai[n] how the policy/custom was deficient, explai[n] how the policy/custom caused the plaintiff harm, and reflec[t] how the policy/custom amounted to deliberate indifference, i.e. explai[n] how the deficiency involved was obvious and the constitutional injury was likely to occur." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

Courts in this district have found allegations like those set forth by Plaintiffs to be conclusory and insufficient to state a *Monell* violation. *See Canas v. City of Sunnyvale*, 2011 U.S. Dist. LEXIS 4942 (N.D. Cal. Jan. 19, 2011); *Mong Kim Tran v. City of Garden Grove*, 2012 U.S. Dist. LEXIS 15606 (C.D. Cal. Feb. 7, 2012) and *Jarreau-Griffin v. City of Vallejo*, 2013 U.S. Dist. LEXIS 172886 (E.D. Cal. Dec. 6, 2013).

In addition, the City of El Monte does not maintain any official policies, rules, customs or usage designed to deprive persons of their constitutionally protected rights as set forth by Plaintiffs in their FAC at Paragraph 43. (SSUF, ¶¶1-2).

As such, Plaintiffs have failed to allege any official policy which has <u>caused</u> any employee Defendant to violate the decedents or Plaintiffs' rights. In addition, Plaintiffs have failed to specify what damages, if any, have been suffered. Plaintiffs have simply made conclusory allegations of wrongdoing in their FAC without alleging what damages, if any, have resulted from those allegations.

Therefore, lacking a valid *Monell* claim, the Defendant City of El Monte is entitled to judgment in its favor on Plaintiffs' Second Cause of Action.

**A. There is no Evidence that the City's Policies or Customs Amounted to Deliberate Indifference with Regard to Failure to Train**

Plaintiffs also appear to be attempting to allege *Monell* liability on a failure to train theory, to wit, that "Defendant City of El Monte ... failed to properly hire, train,

instruct, monitor, supervise, evaluate, investigate, and discipline Defendants ... Victor Ruiz nor ... Jesus Rojas and other EMPD personnel." (FAC ¶44).

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact ... Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality - - a 'policy' as defined by our prior cases - - can a city be liable for such a failure under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

To that end, Plaintiffs must show that (1) decedent "was deprived of a constitutional right, (2) the City had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact'; and (3) his constitutional injury would have been avoided had the City properly trained those officers." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (2007).

Plaintiffs have neither made allegations in their FAC that the City had a training policy that amounted to deliberate indifference nor that any constitutional injury alleged would have been avoided had there been proper training of the officers. (See FAC ¶44). Even if Plaintiffs had made sufficient allegations in their FAC, they have provided no evidence to support such allegations.

To the contrary, the City of El Monte does not maintain any official policies, rules, customs or usage designed to deprive persons of their constitutionally protected rights as set forth by Plaintiffs in their FAC at Paragraph 44 (SSUF, ¶¶1-2), the City of El Monte does not engage in the practice of failing to properly hire, train, instruct, monitor, supervise, evaluate, investigate or discipline its employees (SSUF, ¶3) and the police officers for the City of El Monte receive adequate and proper training. (SSUF, ¶4).

Therefore, lacking a valid *Monell* claim, the Defendant City of El Monte is entitled to judgment in its favor on Plaintiffs' Second Cause of Action.

## IV. CONCLUSION

As set forth and argued above, not only have Plaintiffs failed to allege a valid *Monell* claim, the City has no policies to violate the civil rights of persons or that amount to deliberate indifference with respect to a failure to train theory of liability.

As such, this Court should properly enter judgment in favor of Defendants, and each of them, with regard to Plaintiffs' Second Cause of Action for alleged *Monell* violations.

DATED: January 28, 2015        FERGUSON, PRAET & SHERMAN, APC

                                       /s/ Allen Christiansen
                                       Allen Christiansen  SBN 263651
                                       Attorneys for Defendant City of El Monte, Steven Schuster, Ofc. Victor Ruiz and Ofc. Jesus Rojas

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen Ludvigson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On February 2, 2015, I served the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SEPARATE STATEMENT OF UNDISPUTED FACTS; DECLARATIONS AND OTHER EVIDENCE IN SUPPORT THEREOF;** on the interested parties in this action:

Alexis Galindo, Esq.
Curd, Galindo & Smith, LLP
301 E. Ocean Blvd., Suite 1700
Long Beach, CA 90802
Attorney for Plaintiffs Khang Le and Giao Dang

Richard Wynn, Esq.
Wynn Law Group
301 E. Ocean Blvd., Suite 1700
Long Beach, CA 90802
Attorney for Plaintiffs Tuan Le and Diane Le

____ (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

____ (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 2, 2015, at Santa Ana, California.

/s/ Coleen Ludvigson
Coleen Ludvigson