**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
PETER J. FERGUSON SBN 108297
peterferg@aol.com
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

Attorneys for Defendants
CITY OF EL MONTE, VICTOR RUIZ and JESUS ROJAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHANG LE and GIAO DANG, Successors in Interest and Individually; TUAN LE and DIANE LE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EL MONTE; STEVEN SCHUSTER, Chief of Police Individually and as a peace officer, OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive,<br><br>Defendants.<br>_____ | No. CV14-04579 SJO (SSx)<br><br>Hon. S. James Otero<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE *NUMBER ONE* TO EXCLUDE EVIDENCE OF PRIOR UNRELATED ALLEGATIONS OF BAD ACTS AND OTHER MEDIA ISSUES RELATED TO DEFENDANTS;**<br><br>Date    : April 21, 2015<br>Time    : 9:00 a.m.<br>Courtroom : 1 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Victor Ruiz and Jesus Rojas (improperly sued as Javier Rojas) will moves this Court on April 21, 2015 at 9:00 a.m., or as soon thereafter as this Court may hear said motion *in limine*, before jury selection or commencement of trial, for an order excluding and directing Plaintiffs and their counsel not to refer to, interrogate concerning, nor convey to the jury in any manner, and to instruct each of the witnesses accordingly, with respect to the below-listed matters which are irrelevant to the issues presented in this case.

1

1. Any other incident or lawsuit involving the City of El Monte, the El Monte Police Department, or any of its officers which gained media attention of any kind which are/were unrelated to the decedent Khoa Anh Le;

2. Reference to either of the defendant Officer by anything other than their legal name (e.g. nicknames or derogatory terms);

This motion is made upon the grounds that in the event that any of the foregoing matters are conveyed to the jury, the Defendants would be subjected to severe prejudice which could not be cured by any subsequent curative instruction from the Court. This motion will be based upon the attached Memorandum of Points and Authorities, the Court files, and any other argument that will be made at said hearing.

This motion is made following conference of counsel pursuant to *Local Rule* 7-3 which occurred on March 6, 2015.

DATED: March 16, 2015                FERGUSON, PRAET & SHERMAN, APC

                                      /s/ Allen Christiansen
                                     Allen Christiansen  SBN 263651
                                     Peter J. Ferguson  SBN 108297
                                     Attorneys for Defendant City of El Monte, Ofc. Victor Ruiz and Ofc. Jesus Rojas

///

2

DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* NUMBER ONE TO EXCLUDE ALLEGATIONS OF PRIOR BAD ACTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND FACTS

On the evening of June 24, 2012 Diane Le, sister of the decedent Khoa Anh Le, called 911 to report a domestic dispute in which her 40 year old brother who had struck and pushed to the ground their 70+ year old father Khang Le.  The siblings and parents made statements to investigators that evening/the following morning indicating that decedent Khoa Anh Le had been assaultive and aggressive and that they were fearful of him.

Upon arriving at the residence, officers were invited into the house and were told that the suspect, Khoa Anh Le, was in his bedroom which was a makeshift room built in the family's crowded garage.  The officers attempted to communicate with decedent in a calm manner although decedent and his father began a verbal argument.  The officers lightly touched decedent's arm to guide him from the crowded and cramped garage space so that they could continue their investigation and the decedent immediately became aggressive, striking and punching the officers.

Even Plaintiffs' own expert, Jack Smith, agrees that the facts show that decedent had become aggressive and struck the officers and, that same expert, testified at deposition that the escalation of force used by the officers in an attempt to detain the decedent Khoa Anh Le was reasonable and proper.  Despite the reasonable efforts of the officers the decedent expired as the result of a heart attack.

By this motion, Defendants request an order *in limine* to exclude any reference to, or mention of, any incident or lawsuit involving the City of El Monte, El Monte Police Department or any of its officers, which gained media attention of any kind where are/were unrelated to decedent Khoa Anh Le and further to prevent reference to either of the Defendant Officers by anything other than their

true names. This is necessary to preclude and prevent any undue prejudicial effect to the Defendants in this action.

## II. LEGAL ISSUES IN CONTENTION

The primary legal issue in this matter is (1) whether or not the Defendant Officers Victor Ruiz and/or Jesus Rojas violated the Decedent's civil rights by using excessive force against him.

The parties have previously stipulated to dismiss Defendant Stephen Schuster and all causes of action with the exception of the Plaintiffs' third cause of action entitled "Unreasonable Search and Seizure and Due Process - Excessive Force - Survival Action (42 USC §1983)." See Docket Nos. 26 and 29 for the orders granting those stipulations.

## III. THE INFORMATION AT ISSUE IS NOT RELEVANT TO ANY CLAIMS OF PLAINTIFFS OR DECEDENT

"Evidence which is not relevant is not admissible." *Fed. R. Ev.* §402. Consequently, any evidence proffered which is unrelated to this incident and which took place before or after the incident in this matter would be entirely irrelevant. Moreover, any subsequent curative measure, such as instructing the jury to disregard any specific instances of conduct, would not suffice in repairing the prejudice caused to these Defendants.

In addition, reference to the named officer by anything other than their legal names such as by nicknames, which may be construed as derogatory or as evidencing a pattern or behavior, or derogatory terms creates an unnecessary prejudice against these Defendants which cannot be repaired by any later attempted curative instruction.

Neither unrelated incidents or facts regarding those unrelated incidents would have any tendency to make the existence of any fact that is important in this case more or less probably than it would be without such evidence, nor would reference to the defendant officers by use of nicknames or derogatory terms.

### IV. UNRELATED ALLEGATIONS OF PRIOR BAD ACTS WOULD PREJUDICE THE DEFENDANTS IN THIS CASE AND ANY RELATED REPORTS OF SUCH ARE HEARSAY

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed. R. Ev.* §403. Evidence of unrelated events beyond that related to the decedent Khoa Anh Le would certainly cause unfair prejudice to the Defendants in this case. Furthermore, to require the City Defendants to defend all of those unrelated incidents would cause a great deal of undue delay and waste precious trial time.

In addition, allowing the jury to hear about other allegations of misconduct made against different officers and police supervisors which occurred prior to, or subsequent to, this matter would confuse the issues for the jury in this case. This jury must first determine whether Officer Ruiz and Officer Rojas used excessive force against the decedent. If the jury were provided evidence of unrelated instances of excessive force by other officers, they will be left to wonder why they were provided with that evidence. They may be urged by the Plaintiffs to conclude that all El Monte police officers tend to use excessive force. Such information and argument would be extraordinarily prejudicial to the Defendants and should be excluded.

The Defendants anticipate that Plaintiffs' counsel will also seek to refer to the defendant officers by nicknames or derogatory terms which tent to imply that the officers regularly use excessive force, are insensitive to certain classes or categories of persons, or have other improper and prejudicial implications which are not relevant to the instant action.

Such documents and commentary further lack foundation, are irrelevant, inadmissable hearsay and subject to Rule 403 of the *Federal Rules of Evidence*.

Therefore, any reliance that Plaintiffs may have with respect to these issues are misplaced.

Even if Plaintiffs allege that such documents or terms are admissible under a hearsay exception, case law reveals that they would be inadmissible. *Miller v. Field*, 35 F.3d 1088 (6th Cir.). In *Miller*, an incarcerated individual filed an action under 42 U.S.C. §1983 against corrections officers and a supervisor. *Miller* at 1088. The main issue surrounded the admissibility of Michigan state Police Reports concerning the investigation of their knowledge of threats that had been made against Miller. *Ibid*. The district court allowed this information to be admitted into evidence. However, on appeal, the Sixth Circuit Court of Appeals reversed the judgment of the district court and remanded for a new trial. *Miller* at 1093.

The Sixth Circuit stated that first, a determination as a matter of preliminary fact must be made in order to determine whether there is sufficient evidence that the prior act occurred. *Miller* at 1090. In addition, a legal determination must be made inquiring into whether the other act allegedly committed by the Defendants was admissible as evidence of intent, plan or preparation. *Ibid*. Most importantly, even though conclusions and opinions may be contained in the document, in order to be admissible, "a report must first be a set of 'factual findings.'" *Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 22 (6th Cir. 1984).

In addition, these "factual findings" must be known first hand by either knowledge or observations, and on that basis, constitutes inadmissible hearsay. All such prior information is considered hearsay within hearsay, and does not fall within any hearsay exception. Plaintiffs would be merely clouding the issues in an attempt to prejudice the Defendants with inadmissible and irrelevant information.

The admission of such evidence would violate a long-standing-principle embraced in both state and federal law: A person or entity accused of a particular act -- criminally or civilly -- should not be judged on the basis of other acts or

incidents. With few exceptions, such evidence is much more inflammatory and prejudicial than it is probative.

Thus, in *United States v. Bronco*, 597 F.2d 1300 (9th Cir. 1979), the Court stated:

> "Although Rule 404(b) permits evidence of other crimes to prove intent, such evidence is not always admissible. This court has stated that evidence of other crimes is not admissible to prove intent if: (1) the prior act is similar and close enough in time to be relevant, (2) the evidence of the prior act is clear and convincing, and (3) the probative value of the evidence outweighs any potential prejudice." *Id*. at 1302-1303.

In Bronco, the Court concluded that the admission under Rule 404(b) of prejudicial evidence would have been unnecessary if the trial court had granted the criminal defendant's request for a separate trial.

Significantly, the Advisory Committee notes to Rule 404(b) reflect reliance on principles of California law. In fact, generations of California cases have denounced the use of evidence of prior acts to show intent, motive or bias when the overall effect of the evidence would be prejudicial. If governed by California evidentiary principles, there is little question that evidence contained in these reports would be inadmissible in the case at bar. For example, the state high court stated long ago:

> "Even if we assume relevance which we fail to perceive, the evidence would properly have been excludible and unduly prejudicial under the discretion allowed by [California] Evidence Code §352 [the corollary to Federal Rule 403]. We have elsewhere recognized the substantial prejudicial effect inherent in evidence of prior offenses [citations], for which reason such evidence may be excluded despite apparent relevance." *People v. Sam*, 71 Cal.2d 194, 206 (1969).

## V. ALLEGED PRIOR "BAD ACTS" ARE IMPROPER CHARACTER EVIDENCE

Any information which is proffered into evidence of any unrelated incidents or reports of alleged misconduct by any of the Defendants could serve only one purpose - to show that such Defendants acted in conformity with such conduct during the course of their actions in connection with the incident at issue here. Such use is impermissible under *Federal Rules of Evidence* §§404 and 1101 of the *California Evidence Code*.

"Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion ..." *Fed. R. Ev.* §404(a). Here, the Plaintiff cannot introduce evidence of unrelated incidents to prove that the El Monte police officers acted improperly in this incident. This type of character evidence is improper under *Fed. R. Ev.* §404(a).

*Fed. R. Ev.* §406 cuts out an exception to this general rule, by allowing for the admissibility of evidence of the routine practice of an organization. The Defendants are not seeking to exclude evidence of the routine practice of the El Monte Police Department. Rather, the Defendants seek to exclude evidence of unrelated, isolated incidents that occurred during the existence of the department. Such would be improper character evidence and must be excluded.

///

## V. CONCLUSION

For the reasons set forth and argued above, the Defendants respectfully request the Court issue an Order precluding the Plaintiffs and their counsel from introducing any evidence of prior allegations of misconduct and to prevent reference to the defendant officers by anything but their legal name.

DATED: March 16, 2015     FERGUSON, PRAET & SHERMAN, APC

/s/ Allen Christiansen
Allen Christiansen  SBN 263651
Peter J. Ferguson  SBN 108297
Attorneys for Defendant City of El Monte, Ofc. Victor Ruiz and Ofc. Jesus Rojas