1  CURD, GALINDO & SMITH, L.L.P.
   ALEXIS GALINDO, SBN 136643
2  301 East Ocean Boulevard, Suite 1700
   Long Beach, CA 90802
3  Telephone: (562) 624-1177
   Facsimile: (562) 624-1178
4  EMAIL: agalindo@cgsattys.com

5  Attorneys for Plaintiffs
   KHANG LE and GIAO DANG, Successors in Interest and Individually

6

7
                    UNITED STATES DISTRICT COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9

10

11 | KHANG LE and GIAO DANG, Successors | CASE NO: CV14-04579-SJO-SSx
12 | in Interest and Individually; | MOTION IN LIMINE NO. 1 OF 5.
13 | Plaintiffs |
14 | | EXCLUDE ANY EVIDENCE THAT NO CRIMINAL OR DISCIPLINE CHARGES WERE BROUGHT AGAINST DEFENDANT OFFICERS VICTOR RUIZ AND JESUS ROJAS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXIS GALINDO, ESQ.
15 | vs. |
16 | OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive. |
17 | |
18 | |
19 | Defendants |
20 | |
21 | | Trial Date: April 21, 2015
   | | Time: 9:00 a.m.
   | | Crtrm.: 1
22 | | PTC: April 8, 2015
23

24

25

26 TO THE HONORABLE S.J. OTERO, AND TO ALL PARTIES AND TO THEIR

27 ATTORNEYS OF RECORD HEREIN:

28

---
Motion In Limine No. 1 No Criminal/Discipline Charges Filed

1  PLEASE TAKE NOTICE that on April 21, 2015 at 9:00 AM, in Courtroom 1 of the United States District Court, in the Central District of California, located at 312 N. Spring Street, Los Angeles, California, PLAINTIFFS KHANG LE and GIAO DANG, Successors in Interest and Individually, (hereinafter referred to as "Plaintiffs"), will and hereby do move the Court in limine seeking to exclude evidence that no discipline was imposed and no criminal charges were brought against Defendant Officers Victor Ruiz and Jesus Rojas, including exclusion of the Los Angeles County District Attorneys' Office Report, in connection with the incident involving Khoa Le and to require counsel to advise all witnesses:

    1.    Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside of the jury's presence and hearing;

    2.    Not to make known the fact that this Motion has been filed; and

    3.    To warn and caution each of Defendants' witnesses to strictly follow the same instructions.

Plaintiff seeks exclusions of this evidence because it will create a substantial danger of undue prejudice to Plaintiffs. This Motion is based upon the grounds that such evidence is inadmissible pursuant to Federal Rules of Evidence Rule 403 and is based on this notice, the attached memorandum of points and authorities, the file of records of the within action, and any such additional oral or documentary evidence as may be evaluated by this Court at the hearing of this matter.

```
 1
 2   DATED: March 17, 2015                    Respectfully Submitted,
 3
                                         CURD, GALINDO & SMITH L.L.P
 4
 5                                       By:  /s/   Alexis Galindo
 6                                             Alexis Galindo
                                             Attorneys for Plaintiffs
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

# MEMORANDUM OF POINTS AND AUTHORITIES

# STATEMENT OF FACTS

This tragic case involves El Monte Police Officers' brutal killing of a 39-year-old mentally ill man whom they should have either left alone or transported to the hospital for psychiatric evaluation under Cal. Welf. & Inst. Code § 5150.

The Plaintiffs are mother Giao Dang, father Khang Le, brother Tuan Le and sister Diane Le all of whom lived together with the decedent Khoa Le. The parents named their son Khoa "Light of God".

In approximately 2000, when Khoa Le was about 26 years old, he began a period of inpatient psychiatric hospitalizations, during which he was diagnosed with the mental illnesses of bipolar disorder and schizoaffective disorder.

On September 5, 2005 and June 3, 2006 officers with the El Monte Police were called to Khoa's home to take him into custody for psychiatric evaluation under Cal. Welf. & Inst. Code § 5150, due to his mental illness, Khoa was taken in to custody and safely transported to the hospital without injury or excessive force.

Khoa would help at home and do chores around the house. He enjoyed cleaning, laundry, washing dishes and just helping mom around the house.

The Defendant Officers were called to an incident with Khoa on June 14, 2012, and were informed again by Khoa's sister that Khoa was mentally ill. The sister, Diane told the 911 dispatch operator that Khoa had pushed their father and that the father had fallen down but that all was now calm. When the officers arrived

it was all calm. Khoa Le was quiet and in his room when the officers arrived. The officers did not separate the family to investigate the incident. Khoa at 210 pounds had an obviously large belly. Instead of explaining to Khoa why he was being detained and safely transporting him to the hospital for psychiatric evaluation through verbal persuasion as Officer J. Casados did in 2005 and Officers Miller and Montierth did in 2006, the Defendants choked him, Tased him, severely beat his arms, legs, abdomen, back, buttocks and head. Once Khoa was down on the ground Officer Victor Ruiz admittedly applied a carotid hold. After Khoa was face down, subdued and handcuffed Officer Ruiz placed his knee on Khoa's back and applied a second carotid hold choking him to death. The officers left him dead, handcuffed and on his stomach, until other officers arrived. Officers Montierth, Armstrong and Burse arrived and found Khoa prone and pulseless.

## THE INCIDENT

These facts are from the officers' accounts provided in tape recorded statements and sworn testimony. On June 14, 2012, at approximately 11:30 p.m., El Monte Police Officers Ruiz and Rojas were dispatched to the Le home after Diane Le had called complaining about "Khoa hit his father". Khoa and his father, Khang Le, had a dispute. Khoa wanted his dad to take him to Costco to exchange a watch which dad had promised to do just days before, however, Khang Le was too tired and told Khoa that they would go the following day. Khoa became upset and called his father a liar, Khang Le slapped his son, Khoa and Khoa responded by pushing

Motion in Limine No. 1 Exclusion of Non-Criminal or Discipline Charges

his father who fell to the ground. The dispute was over and Khoa returned to his room. Diane Le only witnessed Khoa pushing his father but did not see her father slap Khoa. Diane Le panicked and called 911.

Officers Victor Ruiz and Jesus Rojas arrived and immediately walked into the home to Khoa's room and failed to interview and/or investigate the circumstances of the call. Khoa was calm and in his room. There was no threat to the family members or the officers. The Officers did not prepare a tactical plan nor did they call to have an ambulance staged, knowing that Khoa was a prior "5150" and mentally ill. Instead of talking to Khoa and his family to gather the facts and circumstances, the Officers rushed to grab and detain him. Officer Rojas forcefully attempted to apprehend Khoa. Khoa responded by saying "don't touch me" –"don't touch me" and pulled away from Officer Rojas. The Offiecrs contend that Khoa threw a punch at Officer Ruiz. Instead of de-escalating the situation and explaining why he was being detained the Officers commenced the physical beating of Khoa.

Officers Ruiz and Rojas began viciously beating Khoa with kicks to the head and body, including the use of their baton/flashlight. Officer Rojas kicked Khoa knocking him to the ground. Khoa was then Tased five times, choked, subdued and finally handcuffed while on the ground. The officers then saw Khoa who was on the ground face first was now moving around, instead of turning Khoa on his side Officer Rojas grabbed his feet and Officer Ruiz then laid on Khoa's back with his

knee pushing Khoa down with all of his 230 pounds and then Officer Ruiz applied a second carotid hold, a respiratory restrictive hold after application of a Taser. The Officers left Khoa on his stomach. Officer Ruiz told investigators that he felt that Khoa was lifeless but still did not attempt to turn him over. Khoa was unresponsive, and Officers Ruiz and Rojas looked at each other and wondered if Khoa was breathing. He was not. Officer Ruiz then yelled out "Oh Fuck !" and now Khoa remained pulseless and cyanotic. Officer Montierth arrived he took Khoa's pulse and he didn't find one. Khoa was rushed to Greater El Monte Hospital where is was pronounced dead at 12:30AM.

## SUBJECT OF MOTION

This Motion seeks to exclude evidence that no discipline was imposed and no criminal charges were brought against Defendant Officers Victor Ruiz and Jesus Rojas, including exclusion of the Los Angeles County District Attorney's Report regarding the officers' involvement in the subject incident which led to the death of Khoa Le.

## I.

## EVIDENCE THAT OFFICERS VICTOR RUIZ AND JESUS ROJAS WERE NOT CRIMINALLY CHARGED OR DISCIPLINED BY THE LOS ANGELES COUNTY DISTRICT ATTORNEYS' OFFICE OR EL MONTE POLICE AS A RESULT OF THIS INCIDENT WOULD BE UNDULY PREJUDICIAL TO THE PLAINTIFF

Federal Rules of Evidence Rule 403 of Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons provides:

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, any evidence concerning the fact that OFFICERS JESUS ROJAS and VICTOR RUIZ were not criminally charged and received no internal discipline as a result of the subject incident would only serve to mislead and confuse the jury, usurp the jury's function, and prejudice the Plaintiff. The standard under which the District Attorney evaluates a deputy's conduct, "beyond a reasonable doubt," is not comparable to the "preponderance of the evidence" standard under which the jury will evaluate the conduct of Defendant OFFICERS VICTOR RUIZ and JESUS ROJAS and other OFFICERS in this case, rendering the District Attorney's decision entirely unrelated to the jury's determination of these Defendants' civil liability. Further, the standard and protocol by which the El Monte Police Department decides whether to initiate discipline against an officer differs from the legal standards which are before a civil jury. Moreover, the admission of evidence concerning the fact that the District Attorney declined to prosecute the Defendant OFFICERS and/or did no find sufficient grounds to investigate or file any criminal

charges against them would be unduly prejudicial to the Plaintiffs, as jurors would be predisposed to similarly "exonerate" OFFICERS JESUS ROJAS and VICTOR RUIZ on the grounds that the same decision was rendered by a government agency that evaluated the same evidence. The same prejudicial effect would apply if the jury were to hear that the Defendant OFFICERS' employer, the El Monte Police Department, determined that no discipline would be imposed. Such evidence would be unduly prejudicial as jurors would be similarly predisposed to "exonerate" OFFICERS VICTOR RUIZ and JESUS ROJAS.

In this matter, the "preponderance of the evidence" standard diverges so significantly from the standard used by the District Attorney that any mention of the District Attorney's decision not to investigate or charge OFFICERS Ruiz and Rojas would be highly prejudicial. Similarly, the rationale, reasoning, and/or determination regarding internal disciplinary determinations in this case stems from a significantly divergent perspective, analysis, and framework and would also prove highly prejudicial.

## II

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully request that this Motion be granted in its entirety.

9
Motion in Limine No. 1 Exclusion of Non-Criminal or Discipline Charges

| | | |
|---|---|---|
| 1 | DATED: March 17, 2015 | **CURD GALINDO & SMITH LLP** |
| 2 | | By: |
| 3 | | _/s/Alexis Galindo_ |
| 4 | | Alexis Galindo<br>Attorneys for Plaintiffs |


## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 301 East Ocean Blvd., Suite 1700, Long Beach, CA 90802.

On **March 18, 2015**, I served the within:

**MOTION IN LIMINE NO. 1 OF 5 EXCLUDE ANY EVIDENCE THAT NO CRIMINAL OR DISCIPLINE CHARGES WERE BROUGHT AGAINST DEFENDANT OFFICERS VICTOR RUIZ AND JESUS ROJAS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXIS GALINDO, ESQ.**

in said action, on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

[ ] **BY FIRST CLASS MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE:** The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a report of the transmission.

[X] **BY E-FILE: (IN COMPLIANCE WITH GENERAL ORDER)** On **March 18, 2015**, at my place of business, I e-filed the documents with the Clerk of the Court using the CM/ECF system which sent notification of the filing to the parties listed below:

Peter J. Ferguson
Allen Christiansen
Steven A. Sherman
FERGUSON, PRAET & SHERMAN, APC
1631 E. 18th Street
Santa Ana, CA  92705
(714) 953-5300
(714) 953-1143 (Fax)
Attorneys for Defendants, City of El Monte and Steven Schuster and
Attorneys for Specially Appearing Respondent, El Monte Police Department

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **March 18, 2015** at Long Beach, California.

*Irene Duran* (signature)
Irene Duran