CURD, GALINDO & SMITH, L.L.P.
ALEXIS GALINDO, SBN 136643
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
EMAIL: agalindo@cgsattys.com

Attorneys for Plaintiffs
KHANG LE and GIAO DANG, Successors in Interest and Individually

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHANG LE and GIAO DANG, Successors in Interest and Individually;<br><br>Plaintiffs<br><br>vs.<br><br>OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive.<br>Defendants | CASE NO: CV14-04579-SJO-SS<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACTS AND LAW.**<br><br>Trial Date: April 21, 2015<br>Time: 9:00 a.m.<br>Crtrm.: 2<br>PTC: April 13, 2015 |

TO THE HONORABLE S.J. OTERO, AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiffs, KHANG LE and GIAO DANG, Successors in Interest and Individually, (collectively hereafter "Plaintiffs"), by and through their attorneys of record, hereby submit the following Memorandum of Contentions of Fact and Law,

pursuant to Federal Rules of Civil Procedure 16; United States District Court, Central District of California Local Rules 16-2, 16-3, 16-4, 16-5, 16-6, 16-7, 16-8, 51-1, 51-2, 51-3 and 51-4 (as applicable); and the applicable Orders of the Court, including the Initial Standing Order for Cases Assigned to Judge S. James

## I. **INTRODUCTION**

The Plaintiffs Khang Le and Diao Dang bring these claims individually and as successor –in-interest. This is a civil rights case for the wrongful death of Plaintiffs' adult son Khoa Le by El Monte Police Officers Victor Ruiz and Jesus Rojas.

Plaintiffs allege excessive force against Police Officers Victor Ruiz and Jesus Rojas in violation of the Fourth Amendment-Excessive Force.

The alleged excessive force includes beating, kicking, punching, Tasing and the final choking of Khoa Le which ultimately caused his death.

## II. **FACTUAL SUMMARY**

This tragic case involves El Monte Police Officers' brutal killing of a 36-year-old mentally ill man whom they should have either left alone or transported to the hospital for psychiatric evaluation under Cal. Welf. & Inst. Code § 5150.

The Plaintiffs include, decedent's mother Giao Dang and father Khang Le. The parents named their son Khoa "Light of God".

In approximately 2006, when Khoa Le was about 31 years old, he began a period of inpatient psychiatric hospitalizations, during which he was diagnosed with the mental illnesses of bipolar disorder and schizoaffective disorder.

On September 5, 2005 and June 3, 2006 officers with the El Monte Police were called to Khoa's home to take him into custody for psychiatric evaluation under Cal. Welf. & Inst. Code § 5150, due to his mental illness, Khoa was taken in to custody and safely transported to the hospital without injury or excessive force.

Khoa would help at home and do chores around the house. He enjoyed cleaning, laundry, washing dishes and just helping mom around the house.

The Defendant Officers were called to an incident with Khoa on June 14, 2012, and were informed again by Khoa's sister that Khoa was mentally ill. The sister, Diane told the 911 dispatch operator that Khoa had pushed their father and that the father had fallen down but that all was now calm. When the officers arrived it was all calm. Khoa Le was quiet and in his room when the officers arrived. The officers did not separate the family to investigate the incident. Khoa at 210 pounds had an obviously large belly. Instead of explaining to Khoa why he was being detained and safely transporting him to the hospital for psychiatric evaluation through verbal persuasion as Officer J. Casados did in 2005 and Officers Miller and Montierth did in 2006, the Defendants instead attempted to grab and handcuff him which developed into a beating of Khoa Le. The Officers Tased him, severely beat his arms, legs, abdomen, back, buttocks and head with punches, kicks and baton

strikes. Once Khoa was down on the ground Officer Victor Ruiz admittedly applied a carotid hold. After Khoa was face down, his feet restrained by Officer Rojas, subdued and handcuffed Officer Ruiz placed his knee and all of his 240 lbs of weight on Khoa's back and applied a second carotid hold choking him to death. The officers left him dead, handcuffed and on his stomach, until other officers arrived. Officers Montierth, Armstrong and Burse arrived and found Khoa prone and pulseless.

THE INCIDENT

These facts are from the officers' accounts provided in tape recorded statements and sworn testimony. On June 14, 2012, at approximately 11:30 p.m., El Monte Police Officers Ruiz and Rojas were dispatched to the Le home after Diane Le had called complaining about "Khoa hit his father". Khoa and his father, Khang Le, had a dispute. Khoa wanted his dad to take him to Costco to exchange a watch which dad had promised to do just days before, however, Khang Le was too tired and told Khoa that they would go the following day. Khoa became upset and called his father a liar, Khang Le slapped his son, Khoa. Khoa responded by pushing his father who fell to the ground. The dispute was over and Khoa returned to his room. Diane Le only witnessed Khoa pushing their father but did not see her father slap Khoa. Diane Le panicked and called 911.

Officers Victor Ruiz and Jesus Rojas were dispatched to the home with information which included two suspects, one 36 years old and mentally ill the other

suspect a 72 year old man. When the Officers arrived they were immediately granted access to the home. They were then escorted to Khoa's room. The Officers failed to interview and/or investigate the circumstances of the call. Khoa was calm and in his room. There was no threat to the family members or the officers. The Officers did not prepare a tactical plan nor did they call to have an ambulance staged, knowing that Khoa was a prior "5150" and mentally ill. Instead of talking to Khoa and his family to gather the facts and circumstances, the Officers rushed to grab and detain him. Officer Ruiz forcefully attempted to apprehend Khoa. Khoa responded by saying "don't touch me" –"don't touch me" and pulled away from Officer Ruiz. The Officers contend that Khoa threw a punch at Officer Ruiz (this is disputed). Instead of de-escalating the situation and explaining why he was being detained the Officers commenced the physical beating of Khoa Le.

    Officers Ruiz and Rojas began viciously beating Khoa with kicks and strikes to the head and body, including the use of their baton/flashlight. Officer Rojas kicked Khoa knocking him to the ground. Khoa was then Tased five times, choked until he became unconscious, subdued and finally handcuffed while on the ground. The officers then noticed that Khoa, who was on the ground face first in a prone position, was now moving around, as if trying to get up, instead of turning Khoa on his side Officer Rojas grabbed his feet and Officer Ruiz then laid on Khoa's back with his knee pushing Khoa down with all of his 240 pounds and then Officer Ruiz

applied a second carotid hold, a respiratory restrictive hold after application of a Taser.

  The Officers left Khoa on his stomach. Officer Ruiz told investigators that he felt that Khoa was lifeless but still did not attempt to turn him over. Khoa was unresponsive, and Officers Ruiz and Rojas looked at each other and wondered if Khoa was breathing. He was not. Officer Ruiz then yelled out "Oh Fuck !" and now Khoa remained pulseless and cyanotic. Officers Burse, Armstrong and Montierth arrived. Officer Montierth picked up Khoa and carried him outside he checked Khoa for a pulse and he didn't find one. Both Officer Burse and Montierth commenced CPR. The CPR went on for 5 minutes before paramedics arrived and rushed Khoa to Greater El Monte Hospital where he was pronounced dead at 12:30AM.

III. **CLAIMS AND DEFENSES**

**A.**  **Plaintiffs remaining Causes of Action are with the Third Cause of Action for Excessive Force-Due Process.**

  Claim 1: Fourth Amendment – Excessive Force.  Defendant Officers Victor Ruiz and Jesus Rojas used excessive or unreasonable force against Khoa Le in violation of his rights under the Fourth Amendment when they used deadly force against him. Khoa Le was a mentally ill man who was unarmed and in his own home. At the time of his ultimate death, Plaintiffs allege that Officer Victor Ruiz applied a carotid restraint hold to Khoa Le while he was on the ground in a prone

Plaintiffs' Memorandum of Contentions of facts and Law.

position and handcuffed. Khoa Le did not pose an imminent threat of death or serious bodily injury to officers Victor Ruiz or Jesus Rojas or anyone else when he was on the ground after being beaten and Tased and then handcuffed. The crime crime for which he was sought was uncertain. The sister Diane Le called the police because she thought Khoa Le had pushed their father Khang Le. However, the officers never bothered to investigate the facts before encountering Khoa Le.

Plaintiffs seek wrongful death damages individually and as successor in interest, Plaintiffs seek survival action damages under this claim, plus reasonable attorney's fees and costs as permitted by federal law.

Elements:

1. That Defendants Victor Ruiz and Jesus Rojas acted under color of law;

2. That Defendants Victor Ruiz and Jesus Rojas used unreasonable force against Khoa Le;

3. That Defendants' Victor Ruiz and Jesus Rojas use of unreasonable force was a cause of injury, damage, loss, or harm to the Plaintiffs.

Claim 2: Fourteenth Amendment – against Defendants Victor Ruiz and Jesus Rojas. Plaintiffs seek wrongful death damages individually under this claim, plus reasonable attorney's fees and costs as permitted by federal law.

Elements: Defendants Victor Ruiz and Jesus Rojas acted with purpose to harm unrelated to any legitimate law enforcement objective.

**B.    In brief, key evidence Plaintiff will rely on for each of the claims:**

Witnesses:

Officer Victor Ruiz

Officer Jesus Rojas

Officer Craig Montierth

Officer Jacob Burse

Officer Mark Snook

Khang Le

Giao Dang

Diane Le

Tuan Le

Expert Witnesses

Jack Smith

Ajay Panchal, M.D.

John Hiserodt, M.D.

Alon Steinberg, M.D.

Documents/Photographs/Recordings:

Photographs of the Scene (Garage & Interior of Home)

Photographs of Khoa Le's Injuries

Photographs of Khoa Le pre-incident

Photographs of the Officers

EMT Records

Greater El Monte Hospital Records

LA County Coroner Autopsy Report

Taser Report

El Monte Police Report/CAD/Call for Service Report

El Monte Police Use of Force Policy

Transcript of Officer Victor Ruiz Interview

Transcript of Officer Jesus Rojas Interview

Recorded Interview of Officer Craig Montierth

Recorded Interview of Jacob Burse

Jack Smith Report

John Hiserodt, M.D. Report

**C. Plaintiffs' Response to Anticipated Defense**

Plaintiffs anticipate that Defendants Victor Ruiz and Jesus Rojas will argue that they used reasonable force. In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force. Thus, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that Victor Ruiz and Jesus Rojas used excessive force on the decedent, Khoa Le.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, one must

judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. In determining whether the officers on scene used excessive force in this case, the fact finder may consider all of the circumstances known to the officers, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the decedent posed an immediate threat to the safety of the officer or to others;

3. Whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used; and

6. The availability of alternative methods to take the decedent into custody.

The El Monte Police Department Use of Force Policy provides that the Carotid Restraint Hold may only be used if the officer reasonably believes that he subject to an immediate threat of serious bodily injury or death.

The Plaintiffs contend that no objective reasonable officer would have perceived a threat of serious bodily injury or death when Khoa Le was handcuffed on the garage floor after he had been already beaten, punched, kicked, struck with a

flashlight 10 times to the head and tased five (5) times and then finally choked to death with a carotid restraint hold. The ultimate use of the final carotid restraint hold was based on subjective fear by the defendant officer, Victor Ruiz, which could only be applied under the deadly force definition which is only justified in self-defense in response to an imminent threat of death or serious bodily injury.

## IV. EVIDENTIARY ISSUES

Plaintiffs' Motions in Limine:

    Plaintiffs' Motion in Limine #1 seeks to exclude the use of the District Attorneys' Report and conclusion not to prosecute the defendant officers and any evidence which indicates that defendant officers were not disciplined.

    Plaintiffs' Motion in Limine #2 seeks to exclude decedent's prior criminal acts.

    Plaintiffs' Motion in Limine #3 seeks to exclude Plaintiffs', Tuan Le and Tracy Le's interview with Sheriff Investigators due to incompetent Vietnamisee interpreter.

    Plaintiffs' Motion in Limine #4 seeks to exclude statements made by Tuan Le that he was afraid of decedent Khoa Le.

    Plaintiffs' Motion in Limine #5 seeks to exclude any evidence which suggests that Khoa Le became violent because he did not take his medication.

## V. JURY TRIAL

The parties have requested jury trial on all issues. Plaintiffs estimate that the trial will last approximately 4 court days.

## VI. ATTORNEYS' FEES

Plaintiffs will seek reasonable attorneys' fees and cost for the Fourth Amendment claim brought under 42 U.S.C. § 1983 if they are the prevailing party on this claim.

## VII. ABANDONMENT OF ISSUES

Plaintiffs previously dismissed the First Cause of Action for Unlawful Arrest and Detention, Second Cause of Action -Monell Claim and Fourth Cause of Action Negligent Infliction of Emotional Distress.

DATED: March 23, 2015          **CURD GALINDO & SMITH LLP**

By:
　　　　　　　　/s/*Alexis Galindo*
　　　　　　　　Alexis Galindo
　　　　　　　　Attorneys for Plaintiffs

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 301 East Ocean Blvd., Suite 1700, Long Beach, CA 90802.

On **March 23, 2015**, I served the within:

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

in said action, on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

[ ]   **BY FIRST CLASS MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY FACSIMILE**: The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a report of the transmission.

[X]   **BY E-FILE: (IN COMPLIANCE WITH GENERAL ORDER)** On **March 23, 2015**, at my place of business, I e-filed the documents with the Clerk of the Court using the CM/ECF system which sent notification of the filing to the parties listed below:

Peter J. Ferguson
Allen Christiansen
Steven A. Sherman
FERGUSON, PRAET & SHERMAN, APC
1631 E. 18th Street
Santa Ana, CA 92705
(714) 953-5300
(714) 953-1143 (Fax)
Attorneys for Defendants, City of El Monte and Steven Schuster and
Attorneys for Specially Appearing Respondent, El Monte Police Department

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **March 23, 2015** at Long Beach, California.

_____
Irene Duran

Plaintiffs' Memorandum of Contentions of Facts and Law