CURD, GALINDO & SMITH, L.L.P.
ALEXIS GALINDO, SBN 136643
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
EMAIL: agalindo@cgsattys.com

Attorneys for Plaintiffs
KHANG LE and GIAO DANG, Successors in Interest and Individually

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHANG LE and GIAO DANG, Successors in Interest and Individually;<br><br>Plaintiffs<br><br>vs.<br><br>OFFICER VICTOR RUIZ; OFFICER JAVIER ROJAS and DOES 1 through 10, Inclusive.<br>Defendants | CASE NO: CV14-04579-SJO-SSx<br><br>**OPPOSITION TO MOTION IN LIMINE NO. 1 OF 7.**<br><br>**EXCLUDE ANY EVIDENCE OF PRIOR UNRELATED ALLEGATIONS OF BAD ACTS RE: DEFENDANT OFFICERS VICTOR RUIZ AND JESUS ROJAS; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Trial Date: April 21, 2015<br>Time: 10:00 a.m.<br>Crtrm.: 2<br>PTC: April 13, 2015 |

TO THE HONORABLE S.J. OTERO, AND TO ALL PARTIES AND TO THEIR

ATTORNEYS OF RECORD HEREIN:

1  PLEASE TAKE NOTICE that on April 21, 2015 at 9:00 A.M., in Courtroom
2  6 of the United States District Court, in the Central District of California, located at
3
4  312 N. Spring Street, Los Angeles, California, PLAINTIFFS KHANG LE and
5  GIAO DANG, Successors in Interest and Individually, (hereinafter referred to as
6  "Plaintiffs"), will and hereby do OPPOSE the Defendants' Motion in Limine No. 1
7
8  to Exclude Evidence of Prior Unrelated Allegations of Bad Acts Re: Defendant
9  Officers Victor Ruiz and Jesus Rojas.
10
11
12 DATED: March 20, 2015                        Respectfully Submitted,
13                                              CURD, GALINDO & SMITH L.L.P
14
                                                By: /s/ *Alexis Galindo*
15                                                   Alexis Galindo
16                                                   Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## OPPOSITION

Defendants' brief and exceedingly vague motion does not identify which evidence Defendants contend to be inadmissible. Plaintiffs cannot fully respond to the motion when the Defendants have not identified specifically what they seek to exclude. This motion should, therefore, be stricken on procedural grounds. Because the instant motion is so vague and lacks supporting documentation which might elucidate Defendant's arguments, Plaintiffs can only respond generally in this Opposition.

The law is clear that evidence of other similar acts by a defendant is generally admissible if it is relevant for some purpose other than to show the character of a person in order to prove that he acted in conformity therewith. *Huddleston v. United States*, 485 U.S. 681, 686 (1988). For example, evidence of similar acts is admissible for such purposes as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake." FED. R. EVID. 404(b). The Ninth Circuit has stressed that Rule 404(b) should be construed as being a "rule of inclusion." *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991); see also *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987). Such evidence is also admissible for impeachment purposes. *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992).

In this case, evidence of the officers' past conduct is potentially relevant to many issues. Past acts may also be relevant to whether the officers acted with a

purpose to harm. See *Porter v. Osborn*, 2009 WL 5068632 (D. Alaska, Dec. 17, 2009) ("Certainly, evidence of prior acts of violence that are of the same or similar nature to the incident in question might be admissible to show Osborn's intent as to the claim alleged, given that the question on remand is whether Osborn had a "purpose to harm" Casey, which Osborn denies."); *Ismail v. Cohen*, 706 F. Supp. 243, 253 (S.D.N.Y.1989), aff'd, 899 F.2d 183 (2d Cir. 1990) ("A plaintiff in an excessive force case is entitled to prove by extrinsic evidence of other instances that the police officer defendant acted 'maliciously and sadistically for the very purpose of causing harm.'"); *Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993) (same). Evidence of past conduct may also be relevant to the issue of punitive damages. See *Smith v. Wade*, 461 U.S. 30, 56 (1983) (jury may assess punitive damages under § 1983 when defendant's conduct involves "reckless or callous indifference to the federally protected rights of others"); *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (finding information concerning other instances of conduct relevant to punitive damages because it "may lead to evidence of a continuing course of conduct reflecting malicious intent"); *Fisher v. Houser*, 2010 WL 497066, at (S.D. Cal. Nov. 23, 2010) (reports that defendant officers used excessive force on previous occasions were relevant because they "could arguably be used pursuant to Fed. R. Evid. 404(b) or 608(b) and may be relevant on the issue of punitive damages"); *United States v. Mohr*, 318 F.3d 613, 618-19 (4th Cir. 2003); *Helena v. City of San Francisco*, 2006 WL 1140953, at (N.D. Cal.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 301 East Ocean Blvd., Suite 1700, Long Beach, CA 90802.

On **March 24, 2015**, I served the within:

**OPPOSITION TO MOTION IN LIMINE NO. 1 OF 7 – EXCLUDE ANY EVIDENCE OF PRIOR UNRELATED ALLEGATIONS OF BAD ACTS RE: DEFENDANT OFFICERS VICTOR RUIZ AND JESUS ROJAS; MEMORANDUM OF POINTS AND AUTHORITIES**

in said action, on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

[ ] **BY FIRST CLASS MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE**: The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a report of the transmission.

[X] **BY E-FILE: (IN COMPLIANCE WITH GENERAL ORDER)** On **March 23, 2015**, at my place of business, I e-filed the documents with the Clerk of the Court using the CM/ECF system which sent notification of the filing to the parties listed below:

Peter J. Ferguson
Allen Christiansen
Steven A. Sherman
FERGUSON, PRAET & SHERMAN, APC
1631 E. 18th Street
Santa Ana, CA  92705
(714) 953-5300
(714) 953-1143 (Fax)
Attorneys for Defendants, City of El Monte and Steven Schuster and
Attorneys for Specially Appearing Respondent, El Monte Police Department

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **March 24, 2015** at Long Beach, California.

_____
Irene Duran