UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 14-04579 SJO (SSx)   **DATE:** April 17, 2015

**TITLE:** Khang Le et al. v. Victor Ruiz et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**                 **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFFS' MOTIONS IN LIMINE NOS. 1, 2, 4, AND 5** [Docket Nos. 40, 41, 43 and 44]**, DENYING PLAINTIFFS' MOTIONS IN LIMINE NO. 3** [Docket No. 42]**, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE NOS. 1, 2, AND 4** [Docket Nos. 33, 34, and 36]**, AND DENYING DEFENDANTS' MOTION IN LIMINE NOS. 3, 5, 6, AND 7** [Docket Nos. 35, 37, 38, and 39]

These matters come before the Court on Plaintiffs Khang Le and Giao Dang's ("Plaintiffs") Motions in Limine Nos. 1-5, filed March 18, 2015, and on Defendants Officer Victor Ruiz ("Officer Ruiz") and Officer Javier Rojas' ("Officer Rojas," collectively, "Defendants") Motions in Limine Nos. 1-7 ("Motions"), filed March 17, 2015.  The parties filed their Oppositions to each other's Motions on March 24, 2015, and Defendants filed Replies to Plaintiffs' Oppositions on March 31, 2015.  For the following reasons, Plaintiffs' Motions in Limine No. 1, 2, 4, and 5 are **GRANTED**, Plaintiffs' Motions in Limine No. 3 is **DENIED**, Defendants' Motions in Limine Nos. 1, 2, and 4 are **GRANTED IN PART AND DENIED IN PART**, and  Defendants' Motions in Limine Nos. 3, 5, 6, and 7 are **DENIED**.  Plaintiffs are **ORDERED** to file with this Court the declaration required under California Civil Procedure Code section 337.32 by April 21, 2015.

I.      PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their Complaint for wrongful death, civil rights violations, and negligent infliction of emotional distress on June 13, 2014.  (*See generally* Compl., ECF No. 1.)  Plaintiffs amended their complaint on July 30, 2014.  (First Am. Compl. ("FAC"), ECF No. 15.)  The FAC alleges the following.

On June 14, 2012, at 11:21 p.m., Plaintiffs' son and brother Khoa An Le ("Decedent") was detained at his home at 2711 Caminar Street, El Monte, California, by Defendant Officer Ruiz to investigate a call regarding a potential assault.  (FAC ¶¶ 2-3.)  At the beginning of his contact with Decedent, Officer Ruiz displayed his flashlight at Decedent by swinging it repeatedly.  (FAC ¶ 3.) Although Decedent was calm and was cooperative, Officer Ruiz, who was soon joined by Defendant Officer Rojas, began to taunt and thereby confuse Decedent by attempting to grab him

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   CV 14-04579 SJO (SSx)                DATE:  April 17, 2015

while asking his name.  (FAC ¶ 3.)  Even after Decedent had given his name, Officer Ruiz repetitively asked Decedent the same questions while claiming to forget Decedent's name.  (FAC ¶ 3.)  Officer Ruiz then repetitively asked Decedent questions about whether he was beating his father, which Decedent had already denied.  (FAC ¶ 3.)  Both Officer Ruiz and Officer Rojas knew or should have known that Decedent was mentally ill.  (FAC ¶ 3.)  The police dispatch operators indicated to Officer Ruiz and Officer Rojas that the suspect or subject of inquiry suffered from a mental illness—specifically, schizophrenia—but that he was not known to do illicit drugs or carry weapons.  (FAC ¶ 3.)  Decedent gave Officer Rojas consent to search his room.  (FAC ¶ 3.)  Neither Officer Ruiz nor Officer Rojas patted Decedent down for weapons, and both Officer Ruiz and Officer Rojas behaved in a manner consistent with the belief that Decedent did not pose any risk of harm or flight.  (FAC ¶ 3.)  Decedent was unarmed and posed no threat to the officers' safety or to others.  (FAC ¶ 3.)

During Officer Rojas' search of Decedent's room, Officer Ruiz continued to taunt and harass Decedent.  (FAC ¶ 4.)  Officer Ruiz walked towards Decedent, made a show of putting gloves on his hands, and with increasingly aggressive language, began ordering Decedent to go with the officers for a 5150 detention.  (FAC ¶ 5.)  Decedent told the Officers not to touch him.  (FAC ¶ 5.)  Officer Ruiz did not advise Decedent that he was being placed under arrest, and Officer Ruiz did not advise Decedent what crime Officer Ruiz was arresting him for.  (FAC ¶ 5.)  Instead, Officer Ruiz threatened Decedent with physical harm.  (FAC ¶ 5.)  While Decedent was still saying that he did not understand Officer Ruiz's commands, Officer Ruiz struck Decedent's head, neck and shoulder, which caused Decedent to fall to the ground.  (FAC ¶ 5.)  Officer Ruiz, with both hands up, began to choke Decedent's neck.  (FAC ¶ 5.)  Officer Rojas approached Decedent, struck Decedent with his baton, and kicked Decedent in the head.  (FAC ¶ 5.)  Thereafter, Decedent could not move and could not breathe.  (FAC ¶ 5.)

For the next few minutes, Defendants continued to choke and beat Decedent with their batons, hands, elbows, fists, and knees, even while Decedent repeatedly apologized as he tried to comply and begged for help.  (FAC ¶ 6.)  Even though Decedent repeatedly told the officers at least 8 times that he could not breathe, the officers ignored him and continued to place their combined body weight on top of Decedent's body.  (FAC ¶ 6.)  Even though Decedent could have been restrained with the use of less than lethal control holds and handcuffs, Defendants used deadly force by striking Decedent repeatedly in the head and face, causing multiple head injuries.  (FAC ¶ 6.)  While Decedent was down on the ground, Officer Rojas tased him multiple times using darts and probes.  (FAC ¶ 6.)  Despite the fact that Decedent was on the ground with two officers on top of him, Defendants agreed to use and did use a deadly choke hold on Decedent.  (FAC ¶ 6.)  Defendants ignored the multiple times Decedent said "please" and "please sir", and the times he asked for help.  (FAC ¶ 6.)

Decedent did not die immediately, but he was in respiratory distress when other City of El Monte police officers arrived and attempted to resuscitate him.  (FAC ¶ 8.)  Los Angeles County Fire Department paramedics arrived, continued to provide medical assistance, and transported him

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 14-04579 SJO (SSx)</u>     DATE: <u>April 17, 2015</u>

to Greater El Monte Hospital. At the hospital, Decedent was pronounced dead at 12:21 a.m. (FAC ¶ 8.) The hospital staff and coroner diagnosed Decedent with significant facial trauma including multiple head injuries with significant bleeding and swelling. (FAC ¶ 8.) The Los Angeles County Coroner's Office ruled Decedent's death to be a homicide and that his injuries occurred during the physical altercation with law enforcement officers. (FAC ¶ 9.)

Plaintiffs' First Amended Complaint brought 42 U.S.C. § 1983 claims for unreasonable search and seizure, municipal liability for unconstitutional custom or policy, and excessive force, as well as a state law claim for negligent infliction of emotional distress. (FAC ¶¶ 36-61.) On January 29, 2015, Plaintiffs' first and fourth causes of action were dismissed with prejudice pursuant to a stipulated dismissal. (Jan. 29, 2015 Order, ECF No. 26.) On February 13, 2015, Plaintiffs' second cause of action and demand for punitive damages were dismissed with prejudice pursuant to a second stipulated dismissal. (Feb. 13, 2015 Order, ECF No. 29.) Thus, the only remaining claim is Plaintiffs' third cause of action, a § 1983 claim for the use of excessive force in violation of the Fourth Amendment as applied to state actors by the Fourteenth Amendment. (*See* FAC ¶¶ 49-56.)

II.     <u>DISCUSSION</u>

   A.     <u>Legal Standard</u>

A motion in limine is a tool used to exclude anticipated inadmissible or prejudicial evidence in advance of trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). The motion is not suited to resolve factual disputes, weigh evidence, or resolve substantive legal issues; those issues are better addressed in a motion for summary judgment or a motion to dismiss. *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-CV-01918, 2011 WL 3207778, at *2 (E.D. Cal. July 27, 2011); *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). Additionally, because pretrial motions to exclude broad categories of evidence are generally disfavored, a moving party "must identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane*, 2010 WL 2035800, at *1; *see also* Fed R. Evid. 103(a); *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); 21 Charles Alan Wright et al., *Federal Practice and Procedure* § 5037.18 (2d ed. 2012). A court may deny a motion in limine that fails to specifically identify the evidence and the legal ground for the objection. *Engman v. City of Ontario*, No. EDCV 10-284, 2011 WL 2463178, at *3-4 (C.D. Cal. June 20, 2011); *In re Homestore.com, Inc.*, No. CV 01-11115, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011). In limine rulings, however, "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 763 n. 3 (2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 14-04579 SJO (SSx)**     DATE: **April 17, 2015**

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue dely, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "Rule 403, however, is an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (internal quotation marks omitted).

  B. Plaintiffs' Motion in Limine No. 1

Plaintiffs' Motion in Limine No. 1 seeks to exclude any evidence that no criminal or disciplinary charges were brought against Officer Ruiz or Officer Rojas by the Los Angeles County District Attorney or the El Monte Police Department. Plaintiffs argue that such evidence would be unduly prejudicial under FRE 403, as jurors would be predisposed to "exonerate" the officers as well. Defendants note that Plaintiffs additionally seek to exclude a Los Angeles County District Attorney's Office Report regarding the District Attorney's investigation. (Opp'n 1.) Defendants further argue that while the fact that the defendant officers were not criminally charged may not be relevant, if Plaintiffs "open the door" by bringing up the fact that the District Attorney's office conducted an investigation, Defendants must be able to respond by providing the outcome of the investigation.

The Court agrees that evidence concerning the lack of criminal or disciplinary charges against the Defendant Officers would cause delay and waste time pursuant to FRE 403. Accordingly, the Court **GRANTS** Plaintiffs' Motion in Limine No. 1. Evidence that no criminal or disciplinary charges were brought against Officer Ruiz or Officer Rojas may not be submitted at trial. However, the Court reserves the right to revisit this issue if information is disclosed regarding the Los Angeles County District Attorney's investigation or the El Monte Police Department's investigation.

  C. Plaintiffs' Motion in Limine No. 2

Plaintiffs' Motion in Limine No. 2 seeks to exclude any evidence of Decedent's prior criminal acts. Specifically, Plaintiffs seek to exclude evidence that Decedent stabbed his brother Tuan Le in 2005 and evidence that a misdemeanor charge was pending against Decedent. In an excessive force case, the reasonableness inquiry asks "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Plaintiffs argue that because the Defendant Officers were unaware of Decedent's past conduct or any criminal charges, evidence of such conduct should be excluded as irrelevant and prejudicial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 14-04579 SJO (SSx)</u>                DATE: <u>April 17, 2015</u>

Defendants respond that evidence of Decedent's prior violent behavior and assault charges is probative because the parties dispute whether Decedent was aggressive toward the Officers. "In a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (citing *Graham*, 490 U.S. at 399 n.12). "[E]vidence of earlier behavior is admissible for other purposes 'such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .'" *Id.* at 947 (quoting Fed. R. Evid. 404(b)). Defendant notes that contrary statements have been given regarding whether Decedent had violent and agressive tendencies. (*See* Opp'n 2.)

In an excessive force lawsuit, evidence of a plaintiff or decedent's prior criminal acts, which the officers were not aware of, is irrelevant and potentially prejudicial. Accordingly, the Court **GRANTS** Plaintiffs' Motion in Limine No. 2. Evidence of decedent's prior criminal acts may not be disclosed to the jury. However, the Court will revisit the issue if, as Defendants suggest, Decedent's conduct will be in material dispute at trial. *See Boyd*, 576 F.3d at 944.

        D.      <u>Plaintiffs' Motion in Limine No. 3</u>

Plaintiffs' Motion in Limine No. 3 seeks to exclude any evidence of Plaintiffs' interview with Los Angeles County Sheriff Investigators because it was conducted through an incompetent interpreter. Plaintiffs state that the investigators could not locate a certified interpreter but were able to locate a custody assistant who spoke some Vietnamese and was asked to interpret for the investigators. Plaintiffs argue that the interpretation was not accurate and should be excluded as improper and prejudicial.

Defendants respond that Plaintiffs have failed to identify any specific inaccuracies in the interpretation. Further, Defendants note that the interviews at issue were audio recorded and that Defendants have had a certified Vietnamese translator translate all statements by the interviewee and the interpreter at the interviews.

Plaintiffs cite to *People v. Torres*, 213 Cal. App 3d 1248 (Cal. Ct. App. 1989). "The agency theory applies to statements made through an interpreter unless circumstances are present which would negate the presumption of agency. Factors tending to refute such an inference include a substantial possibility that the interpreter had a motive to misrepresent, such as an interest in shifting suspicion to the accused and away from the interpreter, or a lack of capacity or demonstrated incompetence on the part of the translator." *Torres*, 213 Cal. App. 3d at 1258. Given the existence of a certified translation of the interview, the Court finds no reason to believe Plaintiffs' interview is inadmissible on the grounds of an incompetent translation. Accordingly, the Court **DENIES** Plaintiffs' Motion in Limine No. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  **CV 14-04579 SJO (SSx)**            DATE: **April 17, 2015**

    E.    <u>Plaintiffs' Motion in Limine No. 4</u>

Plaintiffs' Motion in Limine No. 4 seeks to exclude Tuan Le's statements that he became fearful of Decedent after the 2005 stabbing incident. Plaintiffs argue that these statements are not relevant because it was not known to the Defendant Officers and because Tuan Le is not a Plaintiff in the pending matter.

Similar to Plaintiffs' Motion in Limine No. 2, Plaintiffs' statements to police regarding Decedent's aggressive behavior are irrelevant and prejudicial. Accordingly, the Court **GRANTS** Plaintiffs' Motion in Limine No. 4. However, the Court will revisit the issue if Decedent's conduct remains in material dispute and/or the statements can be used to impeach Tuan Le's trial testimony.

    F.    <u>Plaintiffs' Motion in Limine No. 5</u>

Plaintiffs' Motion in Limine No. 5 seeks to exclude evidence that a lack of medication caused Decedent to be violent. Plaintiffs argue that this evidence is speculative and inadmissible because a failure to take a single dose of medication would not by itself cause Decedent to become violent and because there is medical evidence in the record that Decedent had therapeutic levels of sertraline in his system at the time of his death.

Defendants respond that there is evidence that Decedent missed not just one dose but several days' worth of medication before the incident, that Decedent in fact did become aggressive and violent when not properly taking his medications, and that psychiatric medications other than sertraline that Decedent was to be taking were not in his system at the time of his death. Further, Defendants argue that this evidence is relevant impeachment testimony because his parents' accounts of whether he was taking his medication were conflicting.

The possibility that Decedent had failed to take multiple doses of medication and was violent as a result is relevant if Decedent's behavior toward Defendant Officers remains in dispute. Accordingly, the Court finds that the evidence produced by Defendants is relevant and may be admissible if Defendants are able to lay sufficient foundation. The Court **GRANTS** Plaintiffs' Motion in Limine No. 5, but will revisit the issue consistent with the Court's ruling with respect to Plaintiffs' Motions in Limine Nos. 2 and 4.

    G.    <u>Defendants' Motion in Limine No. 1</u>

Defendants' Motion in Limine No. 1 seeks to exclude evidence of prior unrelated allegations of bad acts and other media issues related to Defendants. Specifically, Defendants seek to exclude evidence of any other incident or lawsuit involving the City of El Monte, the El Monte Police Department, or any of its officers which gained media attention and is unrelated to the Decedent.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 14-04579 SJO (SSx)</u>          **DATE:** <u>April 17, 2015</u>

Defendants also seek to exclude any references to the Defendant Officers by anything other than their legal names, such as by nicknames or derogatory terms.

Defendants argue that evidence of prior allegations would be irrelevant, inadmissible hearsay, and improper character evidence. Plaintiffs respond that Defendants have failed to identify any specific evidence they wish to exclude and that evidence of the Defendant Officers' prior misconduct could be relevant to many issues.

The Court agrees that Officer Ruiz and Officer Rojas should be referred to by their proper names during trial. As for other lawsuits or incidents, the Court finds that for incidents not related to the Decedent, Officer Ruiz, or Officer Rojas, the evidence is irrelevant and its prejudicial effect would outweigh its probative value. However, evidence of incidents involving Officer Ruiz or Officer Rojas could be relevant and admissible under Federal Rule of Evidence 404(b) if used to show, for example, that Defendant Officers had a purpose to harm Decedent. *See Porter v. Osborn*, No. 3:05-CV-00142-JWS, 2009 WL 5068632 at *4-*5 (D. Alaska, Dec. 17, 2009); *Ismail v. Cohen*, 706 F.Supp. 243, 253 (S.D.N.Y. 1989). Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion in Limine No. 1. Evidence of any other incident or lawsuit involving the City of El Monte or the El Monte Police Department which gained media attention and is unrelated to the Decedent or the Defendant Officers is excluded. Any references to the Defendant Officers by anything other than their legal names, such as by nicknames or derogatory terms, are also excluded.

      H.    <u>Defendants' Motion in Limine No. 2</u>

Defendants' Motion in Limine No. 2 seeks to exclude all claims of damages, or in the alternative, to exclude claims of damages for anyone other than Decedent. Defendants raise three arguments. First, Defendants argue that Plaintiffs have failed to comply with California Code of Civil Procedure sections 377, *et seq.*, as required to bring a survival action on behalf of a defendant. Second, Defendants argue that Plaintiffs Tuan Le and Diane Le's sole cause of action has been dismissed, and thus they have no remaining claim for relief. Third, Defendants argue that the only remaining cause of action is solely a survival action and permits damages only to valid claims of Decedent. The Court addresses each argument in turn.

          1.    <u>Compliance with Cal. Civ. Proc. Code § 377</u>

"In § 1983 actions . . . the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), *as amended* (Nov. 24, 1998) (internal citations omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** **CV 14-04579 SJO (SSx)**     **DATE:** **April 17, 2015**

"California's statutory requirements for standing to bring a survival action are stated under California Code of Civil Procedure § 377.30: 'A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest ..., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.'" *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) (quoting Cal. Civ. Proc. Code § 377.30). Defendants argue that there is no evidence that Plaintiffs have filed a declaration as required by the relevant statues. *See* Cal. Civ. Proc. Code § 377.32.

Defendants respond that the appropriate declaration was filed in the state court action. In the *Hayes* opinion cited to by Plaintiffs, the declaration was not present in the district court record. *Hayes*, 736 F.3d at 1229. The Ninth Circuit did not find that this omission itself caused a lack of standing. *Id*. Rather, it found that this omission raised a factual question as to standing and remanded the issue "to the district court for a decision whether [Plaintiff] has standing to assert survival claims based on alleged violations" of Fourth Amendment rights. *Id*. Thus, the Ninth Circuit left open the possibility that the plaintiff had standing even though the declaration had not been filed in the federal docket.

"Plaintiff did not submit this affidavit, but this does not mean she may not proceed with the claim." *Frary v. Cnty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 858776, at *22 (N.D. Cal. Feb. 25, 2015) (citing *Parsons v. Tickner*, 31 Cal.App.4th 1513, 1523–24 (1995) ("Literally, [section 377.24] does not require that the affidavit be filed as a condition precedent to commencing or continuing the action."); *Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM (CWx), 2006 WL 4749756, at *31 n. 157 (C.D.Cal. Sept. 25, 2006) ("California law does not require that an heir file an affidavit under § 377.32 ... as [a] condition [ ] precedent to commencing ... an action."); *Gutierrez v. City of Woodland*, No. CIV. S-10-1142 LKK/EFB, 2012 WL 1640509, at *6 (E.D.Cal. May 9, 2012) ("Section 377.32 does not indicate that it is a condition precedent to filing the lawsuit ... only that the affidavit must be filed at some point.")).

Even where the plaintiff has not filed the appropriate declaration, "lack of capacity to sue is not a jurisdictional defect," and unless an argument is properly raised alleging that the plaintiff lacks capacity, "the court may proceed to adjudicate the case notwithstanding this defect." *Estate of Burkhart v. United States*, No. C 07-5467 PJH, 2008 WL 4067429, at *10 (N.D. Cal. Aug. 26, 2008). This defect "may be cured by promptly filing the required declaration." *Silcox v. State Farm Mut. Auto Ins. Co.*, No. 14CV2345 AJB MDD, 2014 WL 7335741, at *3 (S.D. Cal. Dec. 22, 2014).

Here, Plaintiffs Khang Le and Giao Dang should be able to demonstrate standing, assuming they can provide appropriate evidence of their declaration from the state court action. The Court **ORDERS** Plaintiffs to file their declaration in this case as well by April 21, 2015. *See Frary*, 2015 WL 858776 at *22 ("in an abundance of caution, the Court orders [Plaintiff] to file a declaration that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 14-04579 SJO (SSx)</u>　　　　DATE: <u>April 17, 2015</u>

she has the capacity to proceed"); *Estate of Burkhart*, 2008 WL 4067429 at \*11 (ordering Plaintiff to file a declaration under penalty of perjury establishing capacity to sue on behalf of estate). At this time, the Court declines to exclude evidence on this procedural ground, but reserves the right to revisit the issue if the appropriate declaration is not filed.

    2.    <u>Tuan Le and Diane Le</u>

The only remaining claim in this action, Plaintiffs' third claim for relief, applies only to Plaintiffs Khang Le and Giao Dang as successors in interest. (*See* FAC 20-22, ¶ 56.) Accordingly, any claims of damages to Plaintiffs Tuan Le and Dian Le are irrelevant. The Court agrees that evidence of such claims should be excluded.

    3.    <u>Khang Le and Giao Dang</u>

Defendants argue that the sole remaining cause of action in this litigation is solely a survival action and permits damages only to valid claims of Decedent. Plaintiffs respond that the third cause of action also makes a claim for wrongful death damages, in particular citing Paragraphs 52 and 56 of the First Amended Complaint. These paragraphs read:

> As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of the their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

(FAC ¶ 52.)

> Plaintiffs KHANG LE and GIAO DANG bring this claim as successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages under Federal law for the violation of DECEDENT's rights, including DECEDENT's pain and suffering. Plaintiffs also seek attorney fees under this claim.

(FAC ¶ 56.) These paragraphs explicitly state that damages are for Decedent's rights and Decedent's pain and suffering, and are consistent with the notion that Plaintiffs Khang Le and Giao Dang bring this claim not in their individual capacity but as successors in interest. Further, Plaintiffs Khang Le and Giao Dang brought another claim in their individual capacity: the first cause of action. In that cause of action, the First Amended Complaint alleged that Plaintiffs were pleading "individually and as successors in interest." (FAC ¶ 36.) The first cause of action was dismissed with prejudice by stipulation. The third cause of action, in contrast, mentions only "Plaintiffs as successors in interest" and does not discuss Plaintiffs in their individual capacity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 14-04579 SJO (SSx)       DATE: April 17, 2015

(*See* FAC ¶ 49.) Accordingly, the Court finds that damages to Plaintiffs Khang Le and Giao Dang in their individual capacity have been dismissed and are not relevant to the remaining cause of action.

For the above reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion in Limine No. 2. Evidence of damages, and any testimony related to any claims of damages, for anyone other than Decedent Khoa Anh Le is excluded.

    I.    Defendants' Motion in Limine No. 3

Defendants' Motion in Limine No. 3 seeks to exclude any reference to the dispute between expert Joe Callanan and attorney Donald Cook. Plaintiffs seek to include evidence that in a prior lawsuit, Defendants' expert Joe Callanan testified untruthfully, citing a written ruling that Mr. Callanan's testimony was not credible. Defendants argue that this evidence would be irrelevant, prejudicial, and of no probative value. Plaintiffs respond that it is relevant for impeachment purposes.

"[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness" of the witness. *Id*. Here, the Court finds that evidence of this prior lawsuit may be admissible to attack the credibility of Mr. Callanan's testimony. Accordingly, Defendants' Motion in Limine No. 3 is **DENIED**, without prejudice to renew at trial.

    J.    Defendants' Motion in Limine No. 4

Defendants' Motion in Limine No. 4 seeks to exclude the expert testimony, opinions, and reports of Plaintiffs' expert Jack Smith. The test for testimony by an expert witness as laid out in Federal Rule of Evidence 702 ("FRE 702") allows a witness who is "qualified as an expert by knowledge, skill, experience, training, or education" to testify if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Supreme Court formed the basis for this standard in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which noted particularly that would-be expert witnesses must demonstrate a "reliable basis in the knowledge and experience of [their] discipline," where "'knowledge' 'connotes more than subjective belief or unsupported speculation.'" *Id.* at 592, 599. The courts in general have a "gatekeeping responsibility" to ensure that these standards are met. *Id.* at 600. And parties wishing to introduce expert witnesses bear the burden of proof that such testimony is admissible. *Lust By and Through Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**CASE NO.:** CV 14-04579 SJO (SSx)          **DATE:** April 17, 2015

Defendants argue that Mr. Smith's deposition testimony includes opinions not presented in his expert report, opinions not based upon the facts and evidence in this matter, opinions not based on current law, and opinions that set forth a legal conclusion. Further, Defendants argue that Mr. Smith's testimony and opinions are based purely on speculation and conjecture, and that they are based on an unreliable methodology under *Daubert*. Defendants challenge two specific portions of Mr. Smith's deposition testimony. The Court addresses each portion separately.

      1.     <u>Civil Commitment</u>

First, Mr. Smith stated in his deposition that it was his opinion that Decedent was unlawfully detained because the police did not have cause to believe they could detain him for 5150 (civil commitment). (Mot. Ex. A 14.) Mr. Smith admitted that this opinion was not disclosed in his expert report. (Mot. Ex. A 93.) Defendants argue that because Mr. Smith's opinion was not disclosed, and because it was purportedly not based on the facts of this case but rather based upon the San Diego Police Department's policy for 5150 commitment. Plaintiffs' Opposition does not meaningfully address or refute Defendants' argument.

Expert opinions not fully disclosed in an expert report should be inadmissible at trial. *See X-Tra Light Mfg. Inc. v. Acuity Brands, Inc.*, No. CIVA H-04-1413, 2007 WL 7117888, at *4 (S.D. Tex. Feb. 13, 2007). Accordingly, the Court excludes Mr. Smith's testimony that the Defendant Officers did not have cause to believe they could detain Decedent on 5150 grounds.

      2.     <u>Use of Force to Resist Unlawful Arrest</u>

Next, Mr. Smith stated in his deposition on multiple occasions that a person being unlawfully detained has no duty to refrain from the use of force in resisting arrest. (*See* Mot. 8, Ex. A 20-22.) Defendants argue that this was a misstatement of California law. "If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest." Cal. Pen. Code § 834a. Under California law, "a person may not use force to resist any arrest, lawful or unlawful, except that he may use reasonable force to defend life and limb against excessive force; but if it should be determined that resistance was not thus justified, the felony provisions of section 243 apply when the arrest is lawful, and if the arrest is determined to be unlawful the defendant may be convicted only of a misdemeanor." *People v. Curtis*, 70 Cal. 2d 347, 357 (1969).

Plaintiffs argue that California law immunizes a suspect who resists an unlawful arrest. "California law immunizes [Plaintiff] from prosecution for any conduct that occurred at the time of, or during the course of his unlawful arrest, but it does not immunize him from prosecution for unlawful conduct that occurred prior or subsequent to that time." *Smith v. City of Hemet*, 394 F.3d 689, 698

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.: CV 14-04579 SJO (SSx)**             **DATE: April 17, 2015**

(9th Cir. 2005) (finding no violation by plaintiff where plaintiff failed to comply with the officer's orders but the officers used excessive force in making an arrest).

There is a distinction, however, between the holding in *Smith* and in Mr. Smith's expert testimony here. *Smith* involved only a law forbidding a person to fail to comply with the orders of a police officer, whereas the violence hypothesized in Mr. Smith's testimony might violate statutes not specific to police officers, such as assault or battery laws. "[T]he legal effect of an unlawful arrest or detention is to merely remove the cloak of authority from the officer because the officer is not acting in performance of his duties." *Evans v. City of Bakersfield*, 22 Cal. App. 4th 321, 331 (1994) (citing *Curtis*, 70 Cal. 2d at 355-56). "[E]xecution of an unlawful arrest or detention does not give license to an individual to strike or assault the officer unless excessive force is used or threatened; excessive force in that event triggers the individual's right of self-defense." *Id.* "[A]lthough one is not immune from criminal liability for his resistance to an invalid police action, he cannot be convicted of an offense against a peace officer 'engaged in . . . the performance of . . . duties' unless the officer was acting lawfully at the time." *People v. Gonzalez*, 51 Cal. 3d 1179, 1217 (1990). A person being unlawfully detained by a police officer has certain duties to refrain from violence, but is immunized from statutes specifically relating to police officers.

While there is a grain of truth to Mr. Smith's assertion (it is true that someone unlawfully detained by a police officer *using excessive force* can use force to resist that detention), Mr. Smith's statements misinterpret California law because they state that there is no duty to refrain from violence at all while unlawfully detained. Further, Mr. Smith has testified that in his opinion the Defendant Officers were not using excessive force, but used only force "proportional to the resistance they described." (Mot. Ex. A 109.) Thus, Mr. Smith's assertions on pages 20-22 of the deposition transcript reflect an erroneous interpretation of California law. (Mot. Ex. A 20-22.) The Court excludes the portion of Mr. Smith's deposition testimony from page 20, line 11 to page 22, line 13.

However, Mr. Smith's later assertions, on page 42 for example, are not concerned with Decedent's use of force but rather with police officers' use of force. Thus, these assertions are not related to Mr. Smith's earlier misinterpretation, and the Court declines to exclude the other assertions.

Based on the above, Defendants' Motion in Limine No. 4 is **GRANTED IN PART AND DENIED IN PART**. The portion of Mr. Smith's deposition testimony from page 20, line 11 to page 22, line 13 is excluded from evidence. Mr. Smith may not testify that individuals have no duty to refrain from violence when unlawfully detained. Mr. Smith's testimony that the Defendant Officers did not have cause to believe they could detain Decedent on 5150 grounds is also excluded from evidence.

      K.     <u>Defendants' Motion in Limine No. 5</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 14-04579 SJO (SSx)          DATE: April 17, 2015

Defendants' Motion in Limine No. 5 seeks to exclude autopsy photos and limit other photos of Decedent. Defendants argue that while there may be a dispute as to Decedent's cause of death, there is no physical evidence in the autopsy photos that could assist the jury. Defendants argue that autopsy photos would be prejudicial and inflame and shock the jury. In addition, Defendants seek to exclude or limit other post-life photos and photos during life due to their prejudicial effect.

Plaintiffs argue that they wish to show photos of Decedent's hands and right eye. Plaintiffs state that photos of Decedent's hands are relevant to the question of whether he struck or punched Defendant Officers. Plaintiffs state that the photo of Decedent's right eye is relevant because it shows petechial hemorrhaging consistent with asphyxiation as testified to by the Coroner and by Plaintiff's expert John Hiserodt.

Defendants respond that the expert testimony based on the photos is still admissible even if the photos themselves are not, and that there is no need to admit these inflammatory images. The Court finds that the autopsy photos of Decedent's hands and right eye are admissible. There is no reason to believe that these photos are particularly gruesome or shocking or that they depict a horrific scene, and the photos are relevant to the circumstances of Decedent's death. *Cf. United States v. Cross*, 308 F.3d 308, 325 (3d Cir. 2002).

The Court declines to exclude all autopsy or other photos during life. However, the Court will limit the number of photographs offered. Accordingly, Defendant's Motion in Limine No. 5 is **DENIED** without prejudice to renew at trial.

  L.     Defendants' Motion in Limine No. 6

Defendants' Motion in Limine No. 6 seeks to introduce prior acts of aggression of Decedent that were unknown to Officers Ruiz and Rojas at the time of the incident. This motion is essentially the inverse of Plaintiffs' Motion in Limine No. 2, seeking inclusion of the evidence that Plaintiffs' motion sought to exclude. Specifically, Defendants seek an order in limine allowing the use of evidence of Decedent's prior assaultive and aggressive behavior.

As discussed above, evidence of Decedent's prior aggressive behavior may be relevant and admissible if Decedent's conduct remains in material dispute. Accordingly, the Court **DENIES** Defendants' Motion in Limine No. 6 without prejudice to renew at trial.

  M.     Defendants' Motion in Limine No. 7

Defendants' Motion in Limine No. 7 seeks to exclude the expert testimony, opinions, and reports of John C. Hiserodt. Mr. Hiserodt has stated that he cannot state to a degree of medical certainty that any individual action of the Defendant Officers was the cause of Decedent's death. However, Mr. Hiserodt has testified that Decedent died of concurrent causes, including a pre-existing cardiac

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 14-04579 SJO (SSx)  DATE: April 17, 2015

condition (80% occlusion of the left coronary artery) and Defendants' conduct. Defendants argue that Mr. Hiserodt's opinions are insufficiently probative, unduly prejudicial, and based on speculation because he states he cannot identify with medical certainty a single cause of death.

Plaintiffs, however, need not prove a sole cause of death to recover. Whether or not a taser, or a chokehold, or an officer on top of Decedent's back *alone* caused Decedent's death does not matter; the jury could find that several of Defendant Officers' actions were improper and *collectively* caused Decedent's death. Mr. Hiserodt's opinions are relevant to the jury's decision on that question irrespective of the passages cited by Defendants. Accordingly, the Court declines to exclude any of Mr. Hiserodt's expert testimony. Defendants' Motion in Limine No. 7 is **DENIED**.

III. RULING

For the foregoing reasons, Plaintiffs' Motions in Limine Nos. 1, 2, 4 and 5 are **GRANTED**, Plaintiffs' Motions in Limine No. 3 is **DENIED**, Defendants' Motions in Limine Nos. 1, 2, and 4 are **GRANTED IN PART AND DENIED IN PART**, and Defendants' Motions in Limine Nos. 3, 5, 6, and 7 are **DENIED**. Plaintiffs are **ORDERED** to file with this Court the declaration required under California Civil Procedure Code section 337.32 by April 21, 2015.

IT IS SO ORDERED.